# DOAR RIECK DeVITA KALEY & MACK
## ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
JAMES R. DeVITA

OF COUNSEL
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

November 17, 2016

**VIA ECF, E-mail and Hand Delivery**
Honorable Kimba M. Wood
Senior United States District Judge
  for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

>   Re:  *United States v. Williams, Steven Brown, Gerald Seppala.*
>        Docket No. S3 16 Cr. 436 (KMW)

> **Letter Application Seeking The Court's Permission For**
> **Defendant Steven Brown To Travel To Europe On Business**

Dear Judge Wood:

  I write again as the attorney for defendant Steven J. Brown and seek for Mr. Brown the Court's permission for a European trip to France for a crucial business trip for an essential French Film Sales Market. He would also welcome the opportunity to celebrate Christmas with his wife and other family members in France and depart the day after Christmas.

  Mr. Brown seeks to travel to Europe between December 14 through December 26, 2016. It is important that he be in France during this period as well as being present at the Festival de Cinema European Des Arcs in the Savoy Region of France for an extended period during its film sales especially from December 15 through December 17 and the following days to conclude end of the quarterly sales that are crucial to Mr. Brown's ability to support his family and legal defense.

Honorable Kimba M. Wood -2- November 17, 2016

    End of the year film sales are especially important to buyers who are interested in two specific films that Mr. Brown is the executive producer on and these potential buyers have sought face-to-face meetings with Mr. Brown and his partners. Furthermore, Mr. Brown's presence in Europe during this time to provide his professional skills and judgment on film purchase decisions is essential to his future business prospects.

    In this request for international travel permission, I have intentionally not mentioned the specific titles of the films involved, his business colleagues nor his specific agenda in light of the significant damage done to Mr. Brown and his business associates regarding "Dance Angels" that was disclosed in my August 31, 2016 letter to the Court, the instant dissemination of that information by someone whose identity is yet undetermined and a resulting e-mail barrage on September 1 of inaccurate, polemical information with deleterious impact on Mr. Brown's business prospects as mentioned in my letter to the Court of September 8, 2016. Both of my prior letters to the Court are appended as an aid for the Court's convenience. Of course, every travel and itinerary factor of importance will be provided to Pretrial Services Officer Carter as Mr. Brown has customarily provided in his prior travel to Europe as approved by the Court.

    Finally, I do seek several days prior to December 16 when Mr Brown would like to depart so he can secure a ticket which is a challenge during this time of year. France unfortunately is a target of well known security threats and Mr. Brown would like to travel as safely as possible. This permits Mr. Brown to conduct crucial business and to celebrate the holiday in France with his wife and her mother, plus other French family relatives, with his return to the United States no later than December 26, 2016.

    I have written this letter well in advance of Mr. Brown's requested travel dates because we believe the short lead time of our prior requests may have affected his inability to attend his wife's birthday and their Goddaughter's baptism in France last summer.

    I have communicated with Assistant United States Attorney Patrick Egan who on behalf of the government does maintain his continuing objection to international travel as it poses flight risks for criminal defendants. He does not anticipate filing with the Court a further objection to this request for international travel. I have also communicated with Mr. Brown's Pretrial Services Officer Matthew Carter; Pretrial Services as before takes no position on international travel but does note that Mr. Brown is and has been in compliance with his Court ordered obligations.

    Finally, I believe neither the government nor Pretrial Services would challenge Mr. Brown's past compliance with his prior international travel that was approved by this Court.

Honorable Kimba M. Wood -3- November 17, 2016

    Thank you for your consideration.

Respectfully submitted,

*[signature]*

Walter Mack

cc:    AUSA Patrick Egan (by ECF and email)
        PTSO Matthew Carter (by email)
        PTSO Natasha Ramesar (by email)

## DOAR RIECK DeVITA KALEY & MACK
ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
JAMES R. DeVITA

OF COUNSEL
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

August 31, 2016

**VIA ECF and E-mail**
Honorable Kimba M. Wood
Senior United States District Judge
 for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Williams, Steven Brown, Gerald Seppala.*
            Docket No. S3 16 Cr. 436 (KMW)

### Reply Letter on Application To Extend Travel Restriction Bail Conditions And For The Court's Permission To Defendant Brown for European Travel

Dear Judge Wood:

    I write in response to AUSA Patrick Egan's letter today opposing defendant Steven Brown's requested international travel necessary for primarily business reasons but also for a family baptism and his wife's birthday. I have not waited for the Court's ruling on his request because time is of the essence given this difficult time for scheduling airline travel because of its proximity to September 11 and the Labor Day holidays. There will come a time for Mr. Brown to demonstrate the business damages caused him by the uninformed actions of the government respecting the movie business and its investigative conduct, but this is not it.

    However, I would like to respond to the government's assertions in its letter:

    1) The movies 'Ghoul' and 'Kajinek' have indeed been completed but have been sold only in 10% of the world. Mr. Brown's presence is necessary in furthering promotion and sales of these movies to the rest of the world;

2) 'Dance Angels' has not been released, and Mr. Brown is directly involved in two to three days of reshoot filming, more casting, new music and re-editing;

3) 'Kidnap' is not to be released until December 2016. Mr. Brown is the executive producer, and he has immediate responsibilities to market, promote and oversee sales throughout the world;

4) 'Warriors in Prague' is only a working title for a major film to be shot in the next one year in the Czech Republic in English. Mr. Brown is a producer for this project and must be present to perform his duties; and

5) Mr. Brown's presence in England is designed to facilitate the possible signing of an Oscar-nominated actor for a major film.

I hope this information is helpful to the Court in assessing that much of Mr. Brown's business is international in scope and practice. None of his co-defendants are involved in these projects pre-production, filming, post-production/editing or sales which are essential to his continuing employment and his support of family obligations. Mr. Brown will continue to provide detailed itineraries to Pretrial Services which I continue to believe is being done to that Office's satisfaction.

Thank you for your consideration of this request.

Respectfully submitted,

/s/

Walter Mack

cc: AUSA Patrick Egan (by ECF and email)
PTSO Matthew Carter (by email)
PTSO Natasha Ramesar (by email)

## DOAR RIECK DEVITA KALEY & MACK
ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
JAMES R. DEVITA

OF COUNSEL
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

September 8, 2016

**VIA ECF and E-mail**
Honorable Kimba M. Wood
Senior United States District Judge
  for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Williams, Steven Brown, Gerald Seppala.*
               Docket No. S3 16 Cr. 436 (KMW)

**Responsive Letter to The Court's September 6, 2016
Order Regarding European Travel**

Dear Judge Wood:

      I write at the Court's direction to provide further justification for Mr. Brown's travel to Europe beyond that contained in my letter of August 31, 2016. Mr. Brown's requested international travel is necessary primarily for business reasons but also for a family baptism and his wife's birthday.

      What is at stake in our application is Mr. Brown's ability to maintain his current employment. The movie business is significantly international in scope at this time with business interaction from pre-production through distribution world-wide in scope and effect. Steven J. Brown's special place in this business arises from personal contacts and the respect he has earned as an innovative and effective, on location, executive in determining and overcoming issues of casting, advertising, pre-production, site selection, filming, distribution, sales and promotion. He

Honorable Kimba M. Wood -2- September 8, 2016

does not function as a lawyer, accountant nor director and seldom as an investor other than by agreement justified by the provision of his services. He is a troubleshooter with widely recognized expertise, has made notable movies and suffuses energy to overcome problems. It is his presence, contacts, personal skills and professional expertise and experience delivered on location that is Mr. Brown's business and employment.

The government seems to rely on IMDB which is an Amazon-owned public movie press news website (not an official studio production) that may strive to be accurate but often is not. Especially concerning to the defense is utilization of attorney correspondence with the Court and the filed indictment herein to attempt to extort civil payments from the defendants or their associates or to injure their personal reputations well beyond what the indictment and press release has already done to their business interests, without any allowance for the presumption of innocence that they are entitled to. There may come a time I will ask the Court to permit me to issue process for a hearing to determine the circumstance of the genesis of this conduct as it may itself be a violation of applicable Disciplinary Rules or Federal or State Criminal Law.

However, given the family occasions at stake and the importance of Mr. Brown's business needs, my priority is to seek to persuade Your Honor that he be permitted to travel promptly to maintain his business.

I again will expand upon my numbered representations in the Order set forth in my letter of August 31, 2016:

1) Confirm 8/31/16 statements; Furthermore Mr. Brown would be discussing with potential buyers in Paris and the United Kingdom with whom he has personal and professional relationships their possible purchase of these two movies beyond the ten percent of already completed sales.

2) Confirm 8/31/16 statements; In addition, again his personal contacts are instrumental in potential sales, his counsel in re-shoots and post-production issues. And now to overcome the extreme uneasiness of cast and crew in Spain generated by a former disgruntled employee who messaged the following on September 1st, last week, to members of the film crew:

(Names and Link Redacted)
,

> "For your information Steven Brown (Astrid Montgomery's
> husband and Franzese's partner, as well as self appointed Executive
> Producer of Dance Angels) was recently arrested on serious film
> fraud charges by the FBI in New York. He is currently on bail and

Honorable Kimba M. Wood                    -3-                    September 8, 2016

>is attempting to leave the USA on the grounds of finishing Dance Angels (including re-casting, re-filming with new music etc.) in September.
>
>I cannot tell you too much, other than the FBI investigation into Brown (who has been implicated in a string of major film frauds) is ongoing and further FBI arrests are expected, with those closely associated with Brown.
>
>I have asked you a few weeks ago if you have heard from Franzese in regards to your payment or about the filming they planning in September in Spain?
>
>Needless to say the FBI and the prosecutors are objecting to Brown being allowed to leave the USA on these grounds.
>
>Please see link!"
>
>███████████████████████████████

Since my August 31, 2016 'Dance Angels' language had only been filed with the Court on one day prior, it seems more than a fair question how did the sender receive notice of Mr. Brown's position and then use it immediately to harm Mr. Brown's personal and business interests. This is not the first time in the context of the controversy surrounding the long prefatory civil proceeding in this matter that similar damaging rumors and innuendoes have been used by others to financially damage the defendants herein.

    3) Confirm 8/31/16 statements; Mr. Brown's professional relationships with journalist and potential buyers in Europe are important to the commercial success of this film for the important holiday release.

    4) Confirm 8/31/16 statements; His specific and assigned role in this planned film relies on his personal relationship with executives important to the film's success, in addition, on Mr. Brown's experience in location scouting as well as in international sales and marketing.

    5) Confirm 8/31/16 statements; It is Mr. Brown's personal and professional relationship with persons associated with the actor which requires his presence in England.

    Each of these purposes are essential predicates to success at the International Film Festivals in Toronto, Southern France and Berlin which are so key to success in the movie industry, which occur later in the Fall.

Honorable Kimba M. Wood                    -4-                    September 8, 2016

      Mr. Brown and others can appear to testify or to attest to the facts asserted herein. Mr. Brown has demonstrated to the Court his reliability and integrity in his previous trip to France. He strives hard and diligently to honor his obligations to the Pretrial Services Officers, and I have not heard to the contrary despite my standing invitation to them to inform me whenever and however they are unhappy with him.

      I have responded to the Court's direction as of Tuesday so quickly because of the direction by my client to make every effort to obtain permission to permit him to attend the family Baptism on Saturday, September 10th and his wife's birthday next Monday.

      Thank you for your consideration of this request.

                                                                       Respectfully submitted,

                                                                       Walter Mack

cc:    AUSA Patrick Egan (by ECF and email)
        PTSO Matthew Carter (by email)
        PTSO Natasha Ramesar (by email)