UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 16 CR. 436 (KMW) |
| -v- | : | |
| JAMES DAVID WILLIAMS, STEVEN BROWN, and GERALD SEPPALA, | : | **AFFIRMATION** |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WALTER MACK, an attorney duly licensed to practice law before the courts of the State of New York and this court, under the penalties of perjury, affirms as follows:

1. I represent the Defendant Steven Brown in the above-captioned matter. I also represent Richard W. Gates III in a criminal case pending in the United States District Court for the District of Columbia. United States v. Gates, No. 17 Cr. 201 (ABJ). This Affirmation is submitted in response to the Government's letter, dated November 20, 2017 ("Gvmt Ltr."), requesting a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982).

2. The government notes that "the conduct for which Gates is charged in the District of Columbia is separate and apart from the charges pending in the instant action." (Gvmt's Ltr. at p. 1). However, because Mr. Brown and Mr. Gates know each other and had business dealings, the Government speculates that a "potential" conflict of interest might arise under certain hypothetical circumstances, "[h]owever unlikely," (Id. at 2) and "however remote" (Id. at 6), and that the Court should therefore hold a Curcio hearing.

3. Under the government's theory, the mere fact that two defendants have had a business relationship unrelated to the matters at issue in their respective cases triggers the need

for a Curcio hearing. I respectfully disagree, especially as the government concedes, it "does not, at present have reason to believe Gates was directly involved in, or was a victim of the criminal conduct at issue in this case." (Gvmt Ltr. at 2). Thus, neither defendant is presently expected to be a witness in the other's case. See Excerpt of Transcript of Motions Hearing Held before the Hon. Judge Amy Berman Jackson, U.S.D.J. at pg. 17 (attached as Exh A).

        4. I am aware of my obligations under both Rule 1.7 of the Rules of Professional Conduct in New York State and Rule 1.7 of the Rules of Professional Conduct in the District of Columbia, which are substantially similar, and I have concluded that I am not conflicted in either matter as the cases now stand. My representation of both defendants in their separate cases does not presently require me to take an action to advance a position adverse to the interests of the other – and it is difficult to conceive of such a situation arising in the future. Nonetheless, proceeding somewhat speculatively, the government has submitted its letter requesting a Curcio hearing, and in the process has created a firestorm of media interest and adverse publicity inimical to both defendants' fair trial interests.

        5. Nevertheless, I have discussed with Mr. Brown and Mr. Gates the speculations engaged in by the prosecutors and the theoretical scenarios in which they imagine purported future conflicts, and I have encouraged both Mr. Brown and Mr. Gates to consult with independent counsel, raise whatever questions or concerns they may have with whomever they wish, and decide whether to terminate my representation or provide informed consent to my continuation as counsel. I, for my part, reasonably believe that I will be able to provide diligent and competent representation to each defendant.

6. I arrive at this conclusion based on the fact that the two criminal actions involve different prospective criminal law theories by prosecutors empowered with different jurisdictional powers, in different judicial districts, in separate courtrooms (likely at different times), with different witnesses and exhibits. While Mr. Brown and Mr. Gates are friends with past business associations, their cases involve different issues and there is no perception by them, or by me, of any competing interests.

7. Although the government raises the hypothetical prospects of one defendant being called to testify against the other (speculation that has generated much media fanfare to the detriment of both defendants), I have to question whether such an event is even likely under the current situation when neither defendant has been identified as a subject of the other's Grand Jury investigation and both would be extremely unlikely to testify against the other, even if immunized. Even in such an unlikely scenario, based on my experience in other cases, stipulations or other procedural means are available to the trial judge, such as independent legal counsel responsiveness, that could overcome whatever conflicts might arise, rather than interfering with the defendants' Sixth Amendment right to chosen counsel.

8. However, out of an abundance of caution and to address any concern the Court might have about hypothetical future scenarios giving rise to a conflict, no matter how farfetched, I have advised both Mr. Brown and Mr. Gates, as noted above, to seek independent legal advice, to carefully consider the questions raised, and for each to make his own decision whether to proceed with me as counsel.

9. Most disturbing about the speculation underlying the government's application for a <u>Curcio</u> hearing, however, beyond the publicity that threatens to taint the jury pool and the

3

prospect of fair trials whether in the Southern District of New York or in the District of Columbia, are the highly intrusive proposed questions presented by the government to the District Court. If the Court does believe it prudent to proceed with the Curcio hearing, we ask that the questioning by the Court be simple and direct, to wit:

    a. Are you aware of the government's request that the Court question you about Mr. Mack's representation of both you and Mr Gates?

    b. Do you understand that the government claims that there is a possibility that your best interests could conceivably, in some way, be in conflict with those of Mr. Gates, such as if one of you is called to testify in the other's case?

    c. Have you discussed this subject not only with Mr. Mack but with a lawyer independent of him?

    d. Have your questions and whatever concerns you may have been satisfactorily clarified or explained?

    e. Are there any questions or more information you would like to ask of the Court?

    f. Have you had sufficient time to consider and discuss this topic?

    g. Have you decided to proceed with Mr. Mack as your defense counsel?

10. I stand by, as does as my client, to respond to any questions or concerns of the Court.

Dated: New York, New York
November 30, 2017

                                            /s/
                                      Walter Mack, Esq.
                                      Doar Rieck DeVita Kaley & Mack
                                      217 Broadway, Suite 707
                                      New York, New York 10007
                                      212-619-3730
                                      *Attorney for Defendant Steven Brown*

# EXHIBIT A

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
 2

 3    United States of America,     ) Criminal
                                    ) No. 17-201
 4                   Plaintiff,     )
                                    ) Motions Hearing
 5    vs.                           )
                                    ) Washington, DC
 6    PAUL JOHN MANAFORT, JR.       ) November 21, 2017
      RICHARD W. GATES, III,        ) Time: 1:00 p.m.
 7                                  )
                     Defendants.    )
 8    ─────────────────────────────────────────────────

 9               TRANSCRIPT OF MOTIONS HEARING
                         HELD BEFORE
10          THE HONORABLE JUDGE AMY BERMAN JACKSON
                  UNITED STATES DISTRICT JUDGE
11    ─────────────────────────────────────────────────

12                    A P P E A R A N C E S

13    For the Plaintiff:      GREG D. ANDRES,
                              Senior Assistant Special Counsel
14                            ANDREW WEISSMANN
                              KYLE R. FREENY
15                            U.S. Department of Justice
                              Special Counsel's office
16                            950 Pennsylvania Avenue NW
                              Washington, D.C.  20530
17                            202-514-1746

18
      For Defendant Manafort: KEVIN M. DOWNING
19                            815 Connecticut Avenue, N.W.
                              Suite 730
20                            Washington, D.C. 20006
                              (202) 754-1992
21
                              THOMAS EDWARD ZEHNLE
22                            Miller & Chevalier, Chartered
                              900 Sixteenth Street, NW
23                            Washington, DC 20006
                              (202) 626-5800
24                            Email: Tzehnle@milchev.com

25
```

```
 1    For Defendant Gates:    SHANLON WU
                              Wu, Grohovsky & Whipple
 2                            1300 Pennsylvania Avenue, NW
                              Suite 700
 3                            Washington, DC 20004
                              (202) 204-3053
 4                            Email: Swu@dcwhitecollar.com

 5    ALSO PRESENT:           Andre Sidbury, Pretrial Officer

 6    _____

 7    Court Reporter:         Janice E. Dickman, RMR, CRR
                              Official Court Reporter
 8                            United States Courthouse, Room 6523
                              333 Constitution Avenue, NW
 9                            Washington, DC  20001
                              202-354-3267
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    THE COURT: All right. I know we're bearing down
2    on Thanksgiving here.
3    MR. WU: That's true, Your Honor. I may have been
4    overly optimistic. I forgot about that.
5    THE COURT: Why don't we say December 4th. That
6    gives you all next week and then -- so Monday, December 4th,
7    opposition will be due.
8    I'm not going to ask you any questions, but I do
9    have a couple of questions for the prosecution about it.
10    I understand in the motion that you've set forth
11    some financial relationships between defendant Gates and the
12    defendant in the New York matter. But I really had some
13    difficulty discerning what is the conflict that actually
14    exists on the part of the lawyer. You say on, page 2, that
15    the conduct in the two cases is separate and apart, but you
16    posit, on page 3, that Gates might have knowledge about the
17    allegations against Brown and he could be a potential
18    witness in the case against Brown. And then you say Brown
19    might have knowledge about Gates and it's at least possible
20    that Gates or Brown could become a witness for the
21    government, or that information Mr. Mack learned from Brown
22    or Gates could be relevant to the defense of the other. And
23    then you say however unlikely those propositions are, that I
24    should assert myself into the attorney-client relationship
25    in an abundance of caution.

```
 1                  So I wasn't sure why you're talking about
 2     possibilities.  Is Mr. Brown a witness in your case?
 3                  MR. ANDRES:  He's not, Judge.
 4                  THE COURT:  And is Mr. Gates a witness in the
 5     New York case?
 6                  MR. ANDRES:  Not that I'm aware of.  He's not, Judge.
 7                  THE COURT:  All right.  So then what's the conflict
 8     you want me to address?
 9                  MR. ANDRES:  It, again, Judge, is a potential
10     conflict.  It's not necessarily one that exists.  But
11     certainly it's one that could develop over time; that is,
12     over the course of either of these cases.  It's possible
13     that either could be called as a witness in either case.
14                  So our understanding from the prosecutors in the
15     Southern District case is that there's information that Mr.
16     Gates was involved in the transactions that underlie the --
17     that indictment; that is, he's had money transferred into
18     one of the entities involved with that investigation.  He
19     certainly could be a victim of that scheme, or he could be a
20     co-conspirator.  The government isn't alleging either.  But
21     what we want to avoid is the situation six months down the
22     line where Mr. Gates learns that there's an issue with
23     respect to his representation and it's not something that
24     was addressed ahead of time.
25                  So it absolutely only relates to the potential
```

1   conflict.  As we mentioned in our filing, the prosecutors in
2   the Southern District of New York have also filed a letter
3   with Judge Wood, similar to this one, to have a hearing.
4            THE COURT:  But, I guess that case is supposed to
5   go to trial in March.
6            MR. ANDRES:  Correct.
7            THE COURT:  I don't understand why we're talking
8   about somebody who could suddenly turn out to be a witness
9   in a case where they've already had their grand jury
10  investigation, they've already brought an indictment, and
11  they know who they're planning to call as a witness.
12           MR. ANDRES:  Judge, because as we read the law, it
13  requires the government to bring forward, or for the Court
14  to address even the potential conflict at the earliest
15  potential stage.  So even, again, that it's only a potential
16  conflict, as we read the controlling law, it requires an
17  inquiry to Mr. Gates that he's aware of this even potential
18  conflict.
19           THE COURT:  All right.  Well, one thing I will ask
20  the government to do, at any time that you understand that
21  there's been any ruling coming out of the New York Court, if
22  you could provide -- you know, docket it, just file a notice
23  that there's been some development, so that we can all be
24  aware of it.
25           And I'll wait and see.  I'm not going to ask Mr.

```
 1    Wu to address it now.  I'm sure you want to fully talk to
 2    Mr. Mack and figure out what your position is.
 3              But, I just really didn't understand what you were
 4    trying to tell me.  And you've already clarified a little
 5    bit, so that's helpful.
 6              I don't have anything else that I need to talk
 7    about today.  Is there anything else that the government
 8    needs to bring up at this time?
 9              MR. ANDRES:  Not from the government, Judge.
10    Thank you.
11              THE COURT:  Anything further for Mr. Gates?
12              MR. WU:  Not for Mr. Gates.
13              THE COURT:  Anything further from Mr. Manafort?
14              MR. DOWNING:  No, Your Honor.
15              THE COURT:  Okay.  All right.  Thank you very
16    much, everybody.
17                              *   *   *
18
19
20
21
22
23
24
25
```