UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                  :

        -v-                                           :

JAMES DAVID WILLIAMS,                      :
STEVEN BROWN, and
GERALD SEPPALA,                            :

              Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

16 CR. 436  (KMW)

## MEMORANDUM OF LAW IN CONNECTION WITH
## THE GOVERNMENT'S REQUEST FOR A *CURCIO* HEARING

This memorandum of law is submitted in connection with the government's application,

set forth in its letter, dated November 20, 2017 ("Govmt Ltr."), for a hearing pursuant to United

States v. Curcio, 680 F.2d 881 (2d Cir. 1982), regarding defense counsel's representation of

Defendant Steven Brown.  The government argues that a "potential" conflict of interest might

arise from defense counsel's representation of another defendant in another criminal matter

pending in a different jurisdiction, involving conduct unrelated to the matters at issue in this

case.  United States v. Gates, No. 17 Cr. 201 (ABJ)

Because the two defendants are friends and have had business associations in the past, the

government imagines a situation where one defendant – for reasons it fails to articulate – might

be called to testify against the other, thereby creating a potential conflict of interest that should

be addressed in a Curcio hearing.  However, in the same breath, the government concedes that

"the conduct for which Gates is charged in the District of Columbia is separate and apart from

the charges pending in the instant action" (Gvmt Ltr. at p. 1) and that neither defendant is

reasonably expected to be called as a witness against the other.  See Exhibit A at p. 17 to the

Affirmation of Walter Mack, dated November 30, 2017 ("Mack Aff.").

## ARGUMENT

### I.

### THE GOVERNMENT HAS NOT MADE A THRESHOLD SHOWING OF THE NEED FOR A *CURCIO* HEARING

The Sixth Amendment grants a defendant a fair opportunity to secure counsel of his own

choice.  Luis v. U.S., 136 S.Ct. 1083, 1089 (2016).  For this reason, "[c]hoice of counsel should

not be unnecessarily obstructed by the court."  United States v. Perez, 325 F.3d 115 (2d Cir

2003) (citations omitted).  On the contrary, "the government must 'honor' a defendant's Sixth

Amendment right to counsel: This means more than simply that the State cannot prevent the

accused from obtaining the assistance of counsel.  The Sixth Amendment also imposes on the

State an affirmative obligation to respect and preserve the accused's choice to seek this

assistance."  United States v. Stein, 541 F3d 130, 154 (2d Cir. 2008), quoting Maine v. Moulton,

474 U.S. 159, 170-71(1985).

In this case, the government seeks to intrude upon the attorney-client relationship by

requesting a Curcio hearing based solely on the fact that the two defendants have had a business

relationship unrelated to the matters at issue in their respective cases.  The government's own

letter characterizes the scenario in which a future conflict might arise as "unlikely," (Id. at 2) and

"remote" (Id. at 6) and the charged conduct in each case as "separate and apart." (Id. at 1).  The

government further concedes, it "does not, at present have reason to believe Gates was directly

involved in, or was a victim of the criminal conduct at issue in this case." (Gvmt Ltr. at 2).

Indeed, as represented in a hearing before the district court in the District of Columbia, neither defendant is presently expected to be a witness in the other's trial:

> THE COURT...: So I wasn't sure why you're talking about possibilities. Is Mr. Brown a witness in your case?
>
> Mr. ANDRES: He's not, Judge.
>
> THE COURT: And is Mr. Gates a witness in the New York case?
>
> MR. ANDRES: Not that I'm aware of.  He's not, judge.

See Excerpt of Transcript of Motions Hearing Held before the Hon. Judge Amy Berman Jackson, U.S.D.J. at pg. 17 (attached as Exhibit "A" to the accompanying Mack Aff.).

Under the government's theory, if two defendants have had a business relationship – even if unrelated to the matters at issue in their respective cases – this automatically triggers the need for a Curcio hearing.  Since the government's request is premised on admittedly unlikely and speculative scenarios, the Court need not proceed to a Curio hearing.  United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994) (the court may rely on counsel's representations and if "satisfied at the inquiry stage that there is no actual conflict or potential for one to develop, its duty ceases"); United States v. Velez, 2006 WL 2621077 at *11 (S.D.N.Y. 2006) (no Curcio hearing necessary where court found no actual or potential conflict).  At the present, no actual or potential conflict exists warranting an intrusion into the attorney-client relationship.

As set forth in the Mack Aff., while defense counsel accedes to whatever course of action the Court deems prudent, it bears noting that the government's prolix and speculative Curcio filings have damaged the defendants' reputations and peace of mind, incited intense media interest and inaccurate musings, affected public perceptions of their characters, and cost them significant expense.

## II.

### TO THE EXTENT THE COURT SHARES THE CONCERNS ABOUT THE POTENTIAL CONFLICTS HYPOTHESIZED BY THE GOVERNMENT, THE CONFLICT IS WAIVABLE

Should the Court find it prudent to proceed with a Curcio hearing, the defense agrees with the government's position that there is no actual conflict of interest in this case (see United States v. Salvagno, 343 Fed.Appx. 702 (2d Cir. 2009) (summary order) (an actual conflict of interest must be more than "a mere theoretical division of loyalties") (quoting Mickens v. Taylor, 535 U.S. 162, 171 (2002)), and that the scenario hypothesized by the government involves, at most, a waivable "potential" conflict.

The defense further agrees that, as emphasized by the Court of Appeals, there are a "very narrow category of cases in which [it has] held attorney conflicts to be unwaivable." Perez, 325 F.3d at 126 (holding that attorney's representation of defendant and his co-employee in separate trials did not create conflicts of interest that were unwaivable). Indeed, it is well-settled that "[l]esser conflicts, such an attorney's representations of two or more defendants or his prior representation of a trial witness are generally waivable." Perez, 325 F.3d at 127; United States v. Brown, 2007 WL 1655873 at *5 (D.D.C. 2007) (finding no actual conflict and permitting defendants to waive "quite remote" potential conflict). See also Fed. R. Crim.P. 44(c) (requiring district court to advise jointly-represented defendants in the same case of the potential for conflicts of interest).

The defense objects, however, to the extensive and highly intrusive nature of the questions proposed by the government for the Court to pose to Mr. Brown. Instead, we urge the Court to utilize the straightforward and more pertinent questions set forth in the accompanying

Mack Aff. at ¶ 9 to determine whether the defendant knowingly and intelligently waives the potential conflict.

These defendants, as do all defendants, resent the intrusion, public or otherwise, into the private and confidential communications that undermine the sanctity of the attorney-client relationship in our legal system. Such intrusions should be condoned only if absolutely necessary.

**CONCLUSION**

For all the reasons set forth above and in the accompanying Mack Aff., the defense challenges the necessity of a <u>Curcio</u> hearing at this time. However, if the Court finds it prudent to proceed with one, counsel has already discussed the matter with both defendants and invited their evaluation of the subject through independent counsel. Mack Aff. at ¶¶5, 8. Defense counsel asks only that the Court's inquiries reflect the sensitivity of the intrusions upon the attorney-client relationship.

Dated: New York, New York
November 30, 2017

Respectfully submitted,

Doar Rieck DeVita Kaley & Mack

By:      /s/                          .

Walter Mack
David Rivera
217 Broadway, Suite 707
New York, New York 10007
Tel: (212) 619-3730