Case 1:16-cr-00436-KMW   Document 132   Filed 12/13/17   Page 1 of 2



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 13, 2017

**VIA ECF**

The Honorable Kimba M. Wood
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States* **v.** *Steven Brown*, **S6 16 Cr. 436 (KMW)**

Dear Judge Wood:

    The Government writes to request that the Court schedule an arraignment and bail hearing in the above-captioned case. The Government has spoken with Your Honor's deputy, and understands that the Court is available on Monday, December 18, 2017. The Government is available on that date, and defense counsel is in the process of confirming that the defendant is also available on that date.

    As the Court is aware, on December 7, 2017, the grand jury returned superseding indictment S6 16 Cr. 436 (KMW) (the "Superseding Indictment") against Steven Brown. As a result of the filing of the Superseding Indictment, the Government seeks the imposition of an additional bail condition prohibiting the defendant from soliciting or accepting any investments – either personally or through any entities with which he is associated – relating to any film projects. This modification to the defendant's bail conditions is necessary in light of the new charges contained in the Superseding Indictment, which include conduct relating to the defendant's solicitation of investments from an individual ("Victim-9") while the defendant was released on bail, as is described in further detail below.

<div align="center">The Defendant's Current Bail Conditions</div>

    The defendant was initially charged in indictment S3 16 Cr. 436 (KMW) with conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering, and was presented before Magistrate Judge Cott on or about June 28, 2016. The defendant was ordered released subject to the following conditions: a $200,000 personal recognizance bond, cosigned by two financially responsible persons; travel restricted to the Southern District of New York, Eastern District of New York, and the Central District of California, as well as any points in between for the purpose of travel; and surrender of the defendant's passport and no new applications for any travel documents. On or about September 6, 2016, the Court modified the defendant's travel restrictions to permit him to travel throughout the continental United States. (Dkt. No. 30). On or about September 13, 2016, the Court granted the defendant permission to travel to Europe for a period of approximately ten days in order to attend to matters related to his involvement in various film projects. (Dkt. No. 33). On or about November 21, 2016, the Court granted the defendant's request to travel to France to attend meetings related to various

film projects.  (Dkt. No. 46).  On or about January 23, 2017, the Court granted the defendant's request to travel to Germany to attend the Berlin Film Festival. (Dkt. No. 52).  On or about May 9, 2017, the Court granted the defendant's request to travel to France to attend the Cannes Film Festival. (Dkt. No. 65).

Discussion

The Superseding Indictment alleges that the defendant solicited approximately $300,000 from Victim-9 in connection with film-related investments, that the defendant promised Victim-9 significant returns on these investments that never materialized, and that the defendant never returned any of Victim-9's $300,000 despite Victim-9's repeated requests for the return of these funds.  In addition, the Superseding Indictment alleges that a portion of Victim-9's funds were not utilized as had been promised, and were instead diverted to pay for expenses unrelated to any film projects.  This conduct occurred while the defendant was released on bail in connection with the instant case.

In light of these new charges – supported by a probable cause finding of a grand jury – the Government respectfully submits that the Court should impose as an additional condition of the defendant's continued pretrial release that he be prohibited from soliciting or accepting any investments relating to any film projects.  This condition is necessary to ensure that the defendant does not defraud any additional investors while released on bail pending trial.  Without the imposition of this new bail condition, there is no assurance that additional investors will not be defrauded pending the defendant's trial in March 2018.  *See, e.g., United States* v. *Madoff*, 586 F. Supp. 2d 240, 252 (S.D.N.Y. 2009) (reviewing case law and concluding that there is "support for considering economic harm in evaluating danger to the community under § 3142 of the Bail Reform Act"); *United States* v. *Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J. 2007) (holding that "[a] danger to the community does not only include physical harm or violent behavior" and citing the Senate Committee Report language reproduced above); *United States* v. *Persaud*, 2007 WL 1074906, at *1 (N.D.N.Y. Apr. 5, 2007) (concurring with the Magistrate Judge that "economic harm qualifies as a danger within the contemplation of the Bail Reform Act").

Accordingly, for the foregoing reasons, the Court should modify the defendant's bail conditions and impose a condition prohibiting the defendant from soliciting or accepting any investments – either personally or through any entities with which he is associated – relating to any film projects.

    Respectfully submitted,

    JOON H. KIM
    Acting United States Attorney

By: /s/ Noah Solowiejczyk
    Noah Solowiejczyk
    Katherine Reilly
    Assistant United States Attorneys
    (212) 637-2473/26521

cc:  Walter Mack, Esq. (via electronic mail)