UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
                                              :
              v.                              :        16-CR-436 (KMW)
                                              :
                                              :
STEVEN BROWN,                                 :
                                              :
                          Defendant.          :
--------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO ALLOW DEFENSE COUNSEL TO REVIEW
# GRAND JURY MINUTES OR, ALTERNATIVELY, FOR
# THE COURT TO CONDUCT AN *IN CAMERA* INSPECTION

DOAR RIECK DEVITA KALEY & MACK
Walter Mack
David Rivera
Michael Minnefor
217 Broadway, Suite 707
New York, N.Y. 10007-2911
(Tel.) 212-619-3730
(Fax) 212-962-5037
*Attorneys for Steven Brown*

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    The Press Release Contains Inaccurate Factual Statements . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     THERE IS A PARTICULARIZED NEED FOR REVIEW
      OF THE GRAND JURY MINUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     A.    The Factually Inaccurate Press Release
          Provides Particularized Need for Review . . . . . . . . . . . . . . . . . . . . . . . . 3

     B.    The Press Release Violates the Department
          of Justice's Own Rules and Local Criminal Rules . . . . . . . . . . . . . . . . . 5

II.    IT IS UNCLEAR WHETHER THE VICTIMS TESTIFIED
      BEFORE THE GRAND JURY OR IF THE CASE WAS
      PRESENTED THROUGH HEARSAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

### CASES

United States v. Bravo-Fernandez,
  239 F.Supp.3d 411 (D. P.R. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Bruno,
  159 F.Supp.3d 311 (E.D.N.Y.2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Broyles,
  37 F.3d 1314 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Estepa,
  471 F.2d 1132 (2d Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Labate,
  2001 WL 533714 at *20 (S.D.N.Y. May 18, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Puglia,
  8 F.3d 478 (7th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. R. Enters., Inc.,
  498 U.S. 292 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Ramirez,
  482 F.2d 807 (2d Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Silver,
  103 F. Supp. 3d 370 (S.D.N.Y. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Twersky,
  1994 WL 319367 (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

### AUTHORITIES

28 C.F.R. § 50.2 (b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 C.F.R. § 50.2 (b)(3)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 C.F.R. § 50.2(b)(6)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 C.F.R. § 50.2(b)(6)(vi) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Crim.Proc. 6(e)(3)(E)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Local Criminal Rule 23.1(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

L. Crim. R. 23.1(d)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
                                              :
          v.                                  :        16-CR-436 (KMW)
                                              :
                                              :
STEVEN BROWN,                                 :
                                              :
                    Defendant.    :
-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALLOW DEFENSE COUNSEL TO REVIEW GRAND JURY MINUTES OR, ALTERNATIVELY, FOR THE COURT TO CONDUCT AN *IN CAMERA* INSPECTION

### INTRODUCTION

Defendant Steven Brown respectfully submits this memorandum of law in support of his motion to allow defense counsel to review the grand jury minutes or, alternatively, for the Court to conduct an in camera review to determine whether the grand jury was mischarged or misled about the facts and/or law of this case.

Mr. Brown, along with David Williams and Gerald Seppala, was initially indicted in June 2016 for wire fraud and conspiracy to commit wire fraud, among other offenses. Both the Initial Indictment and the Superseding Indictment allege a series of wrongdoings whereby defendants solicited funds from stakeholders of various film projects in exchange for assurances that they would see returns on their investments.

There is compelling evidence, however, that the grand jury indictment was predicated on erroneous facts in order to fit the government's narrative that the "victims" were fooled by an elaborate "advanced fee scheme." Accordingly, there is strong reason to believe that the grand jury either was not properly charged with the facts or the law to allow it to evaluate the credibility of the victims or that the case was presented primarily through dubious and inaccurate hearsay testimony. Thus, the grand jury was misled and not given a fair opportunity to judge the victims' credibility nor the evidence before it.

## BACKGROUND

### The Press Release Contains Inaccurate Factual Statements

One of the main accusations publicly made by the government is that the movies in question were not actually made. In a press release on June 28, 2016, former U.S. Attorney for the Southern District of New York Preet Bharara made the following public statement:

> "With lies about making feature-length films and documentaries, the defendants allegedly defrauded victims into investing over $12 million with them. Rather than making movies, the defendants perpetuated an advance fee scheme, allegedly using the investors' money to pay themselves and pay other investors back."
>
> FBI Assistant Director-in-Charge Diego Rodriguez said: "As alleged, Williams, Brown and Seppala didn't provide marketing expertise to feature films. . . . Any level of fraud to honest investors is wrong, whether it's fraud in the hundreds of dollars or million dollars.

(Affirmation of Walter Mack in support of motion to review grand jury minutes ("Mack Grand Jury Aff.") at ¶2, Ex. A) (emphases added).

In other words, U.S. Attorney Bharara's public statement was that the defendants simply took their investors' money and either abandoned the film projects for which the funds were

sought or deliberately and intentionally failed to make them. That assertion is demonstrably

false. Indeed, summaries from the Internet Movie Database ("IMDB") prove that many of the

films were not only developed and released, but also received acclaim from the defendants'

contemporaries in the movie industry.

**ARGUMENT**

**I.**

**THERE IS A PARTICULARIZED NEED
FOR REVIEW OF THE GRAND JURY MINUTES**

Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure provides that "[t]he court

may authorize disclosure – at a time, in a manner, and subject to any other conditions that it

directs – of a grand jury matter. . . at the request of a defendant who shows that a ground may

exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Such

grounds exist here.

**A.     The Factually Inaccurate Press Release
         Provides a Particularized Need for Review**

The district courts in this Circuit have held that a defendant seeking disclosure of grand

jury materials must demonstrate a "particularized need" that outweighs the presumption of grand

jury secrecy. United States v. Bruno, 159 F.Supp.3d 311, 322 (E.D.N.Y. 2016); see also United

States v. Labate, 2001 WL 533714 at *20 (S.D.N.Y. May 18, 2001) ("To be entitled to disclosure

of grand jury minutes, defendant must make a showing of 'particularized need' that outweighs the

strong interest in maintaining the secrecy of grand jury proceedings."). A factual basis is

required to meet the particularized need standard. Accord United States v. Broyles, 37 F.3d

1314, 1318 (8th Cir. 1994) (using particularized need standard); United States v. Puglia, 8 F.3d 478, 480 (7th Cir. 1993) (same).

In this case, Mr. Brown has made a "particularized and factually based" showing that grounds exist to support the proposition that irregularities occurred in the grand jury proceedings that justify review of the grand jury minutes. There is a strong likelihood that the grand jury proceedings were tainted by an inaccurate portrayal of the events giving rise to this action. Stated differently, it is likely that the grand jury was told precisely what the public was told in the press release, i.e., that the movies were never made, and that defendants simply used their investors' money as an "advance fee scheme" to pay themselves, while their alleged "victims" received nothing in return.[1] In fact, the Government knew or should have known that many of the films were indeed made, and that many investors were fully recompensed as a result of Mr. Brown's efforts on their behalf. From the prosecution's press release it is plain that the grand jury was presented with a theory of criminal liability that was not based on the true facts of the case. If, indeed, the grand jury had been informed that the films in question were produced, and that many of the so-called "victims" had been paid back as a result of Brown's efforts – Victim-2 in particular – it follows that the Initial Indictment and Superseding Indictment may never have been issued.

For this reason, the defense requests a review of the minutes and the charging instructions to determine whether the government proceeded under the "advance fee scheme" theory spouted

---

[1] According to the FBI's website, "[a]n advance fee scheme occurs when the victim pays money to someone in anticipation of receiving something of greater value–such as a loan contract, investment, or gift–and then receives little or nothing in return."
https://www.fbi.gov/scams-and-safety/common-fraud-schemes/advance-fee-schemes

by Bharara.  See e.g., United States v. Twersky, 1994 WL 319367 (S.D.N.Y. 1994) (granting

request to review grand jury minutes in camera to determine whether instructions misled the

grand jury and to better assess defendants "particularized need" argument); United States v.

Bravo-Fernandez, 239 F.Supp.3d 411, 416 (D. P.R. 2017) (reviewing sufficiency of legal

instruction to grand jury).

## B.     The Press Release Violates the Department of Justice's
          Own Rules and Local Criminal Rules

The presumption of regularity that is accorded to grand jury proceedings may be dispelled

upon particularized proof of irregularities in the grand jury process.  United States v. R. Enters.,

Inc., 498 U.S. 292, 301 (1991).  Here, the fact that Bharara's extrajudicial statements violated

Local Criminal Rules and the Department of Justice's ("DOJ") rules further demonstrates such

irregularities and the resulting prejudice to Mr. Brown.

In its rules regarding the release of information relating to criminal cases, the DOJ

provides that its personnel may make public certain facts, including "the substance or text of the

charge" 28 C.F.R. § 50.2 (b)(3)(ii), but "[d]isclosures should include only incontrovertible,

factual matters, and should not include subjective observations." 28 C.F.R. § 50.2 (b)(3).  The

alleged fact that defendants engaged in an advance fee scheme "rather than make movies" is not

incontrovertible; it is very much controverted because the statement is inaccurate.

DOJ regulations similarly state that "[o]bservations about a defendant's character" and

"[a]ny opinion as to the accused's guilt" will "generally tend[ ] to create dangers of prejudice

without serving a significant law enforcement function." 28 C.F.R. § 50.2(b)(6)(i), (vi).  And in

the same vein, Local Criminal Rule 23.1(d) states that "opinion[s] as to the accused's guilt or

innocence or as to the merits of the case or the evidence in the case" are matters that

"presumptively involve a substantial likelihood" of interference with a fair trial or prejudice to

the administration of justice.  L.Crim. R. 23.1(d)(7).  The inaccurate statements regarding  the

defendants' films not being made and the use of an "advanced fee scheme," side-by-side with the

opinion in the press release about the "wrongness" of fraud, violated the rules and severely

prejudiced Mr. Brown.  See United States v. Silver, 103 F. Supp. 3d 370, 376 (S.D.N.Y. 2015).

In United States v. Silver, the court denied a motion to dismiss the indictment or to

review the grand jury minutes based upon extrajudicial comments made by Bharara in a press

release, among other things, that referred to the "culture of corruption" in Albany.  In denying the

motion to review the grand jury minutes, the court reasoned that "it could not have come as a

surprise to any member of the grand jury. . . [that] the U.S. Attorney believed [defendant] to be

guilty."  Id. at 381-82.  Judge Caproni noted, however, that Mr. Bharara, while "castigating

politicians for playing fast and loose with ethical rules . . . strayed so close to the edge of the

rules governing his own conduct" that he almost "fell over the edge to the Defendant's

prejudice."  Id. at 373.  In the instant case, Mr. Bharara finally fell over the edge, publicly

misstating both the facts and the legal theory of the case to Mr. Brown's prejudice. [2]

---

[2] Indeed, a Google search of "Steven Brown movies" turns up the Bharara press release
on the first page of results. (Mack Grand Jury Aff. at ¶3).

## II.

## IT IS UNCLEAR WHETHER THE VICTIMS
## TESTIFIED BEFORE THE GRAND JURY
## OR IF THE CASE WAS PRESENTED THROUGH HEARSAY

Review of the grand jury minutes is also warranted because it is unclear whether any of

the purported victims actually testified in front of the grand jury and, if so, whether the grand jury

was apprised of the extortionate and other criminal conduct of the so-called victims themselves

who utilized repeated threats to involve law enforcement participation in their litigation to extort

large sums from the defendants. (See Affirmation of Walter Mack in support of accompanying

motion to compel, affirmed December 15, 2017, at ¶¶ 8-16). If, on the other hand, the victims

did not testify and the case was presented to the grand jury through hearsay testimony, the

minutes should be reviewed to ensure the grand jurors were not misled about the witnesses' lack

of personal knowledge. See United States v. Estepa, 471 F.2d 1132 (2d Cir. 1972) (dismissing

indictment based on presentation to grand jury of hearsay account by witness with limited

personal knowledge, which misled the grand jurors). Presenting a case of this complexity

through hearsay evidence creates a real danger of misleading the grand jury, which is grounds for

dismissal of the indictment. Id. at 1137; see also United States v. Ramirez, 482 F.2d 807. (2d

Cir. 1973) (where it appears that grand jury has only heard hearsay testimony, under Estepa the

minutes should be reviewed in camera to determine whether grand jury misled).

### CONCLUSION

For the foregoing reasons, the defense requests that the Court allow defense counsel to

review the grand jury minutes and the charging instructions, or, alternatively, that the Court

-7-

conduct an <u>in camera</u> review to determine whether the grand jury was misled, mis-charged or

misinformed about the facts and/or law applicable to this case.

Dated:  New York, New York
        December 15, 2017

                                        Respectfully submitted,

                                        DOAR RIECK DEVITA KALEY & MACK

                                        By: _____/s/_____
                                                Walter Mack
                                                David Rivera
                                                Michael Minnefor
                                                217 Broadway, Suite 707
                                                New York, New York 10007-2911
                                                Tel: 212-619-3730
                                                Fax: 212-962-5037