UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
UNITED STATES OF AMERICA                        :
                                                :
     - v. -                                     :
                                                :         S6 16 Cr. 436 (KMW)
                                                :
STEVEN BROWN,                                   :
                                                :
               Defendant.                       :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER PURSUANT TO RULE 21

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

Ryan B. Finkel
Katherine Reilly
Noah Solowiejczyk
Assistant United States Attorneys
       - Of Counsel -

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................1

BACKGROUND.....................................................................................................1

I. FOR EACH COUNT IN THE SUPERSEDING INDICTMENT,
VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW
YORK…………...................................................................................................4

    A.  Applicable Law……………………….......................................................5

    B.  Discussion…………………….....................................................................6

        1.  The Superseding Indictment Sufficiently Alleges Venue
        as to Count Four……………………………….……………………………..6

        2.  The Superseding Indictment Sufficiently Alleges Venue
        as to Count Three…………………………………………………………...8

        3.  The Superseding Indictment Sufficiently Alleges Venue
        as to Counts One, Two, and Five…………………………………………10

II. THE CASE HAS SUFFICIENT CONTACTS WITH THE SOUTHERN
DISTRICT OF NEW YORK........................................................................13

    A.  Applicable Law…………………….........................................................13

    B.  Discussion……………………................................................................14

III. THE DEFENDANT'S MOTION TO TRANSFER THIS CASE TO
CALIFORNIA SHOULD BE DENIED........................................................15

    A.  Applicable Law…………………….........................................................15

    B.  Discussion……………………................................................................16

IV. THE DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS SHOULD BE
DENIED......................................................................................................18

CONCLUSION.....................................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Bolton v. Gramlich*, 540 F. Supp. 822 (S.D.N.Y. 1982) .................................................... 9

*Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952) ..................... 6

*Braverman v. United States*, 317 U.S. 49, 53 (1942) ....................................................... 11

*Como v. Commerce Oil Co., Inc.*, 607 F. Supp. 335, 341 (S.D.N.Y. 1985) ................... 9

*Costello v. United States*, 350 U.S. 359, 363 (1956) ...................................................... 5

*Hamling v. United States*, 418 U.S. 87, 117 (1974) ........................................................ 6

*Pereira v. United States,* 347 U.S. 1, 8-9 (1954) ............................................................ 9

*Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 244 (1964) ................................. 19

*Republic of Colombia v. Diageo N. Am. Inc.*, 531 F. Supp. 2d 365, 444–45 (E.D.N.Y. 2007) .... 11

*Tzolov*, 642 F.3d at 321 ................................................................................................... 17

*United States v. Abdallah*, 528 F. App'x 79, 83 (2d Cir. 2013) ..................................... 17

*United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir.1998) ............................................ 6

*United States v. Angelilli*, 660 F.2d 23, 36 (2d Cir.1981) .............................................. 11

*United States v. Aracri*, 968 F.2d 1512, 1521 (2d Cir. 1992) ........................................ 12

*United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) .................................... 22

*United States v. Chalmers*, 474 F. Supp. 2d 555, 575 (S.D.N.Y. 2007) ............... 14, 15

*United States v. Coplan*, 703 F.3d 46, 80 (2d Cir. 2012) ............................................... 16

*United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) .................................... 5

*United States v. Ebbers*, No. 02 Cr. 1144 (BSJ), 2004 WL 2346154, at *1 (S.D.N.Y. Oct. 18, 2004) ............................................................................................................................. 21

*United States v. Elie*, No. 10 Cr. 336 (LAK), 2012 WL 383403, at *1 (S.D.N.Y. Feb. 7, 2012) .. 5

*United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990) ............................. 23

*United States v. Fama*, No. 95 Cr. 840 (RO), 1996 WL 438165, at *1 (S.D.N.Y. Aug. 5, 1996) . 7

*United States v. Gilboe*, 684 F.2d 235, 239 (2d Cir. 1982) ............................................ 8

*United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974) .......................................... 23

*United States v. Johnson*, 323 U.S. 273, 275 (1944) ....................................................... 17

*United States v. Kim*, 246 F.3d 186, 191 (2d Cir. 2001) ................................................ 8

*United States v. Korolkov*, 870 F. Supp. 60, 63-64 (S.D.N.Y. 1994) ........................... 7

*United States v. Lange*, 834 F.3d 58, 68 (2d Cir. 2016) ................................................ 10

*United States v. LaSpina*, 299 F.3d 165, 176 (2d Cir. 2002) ........................................ 11

*United States v. Martino*, No. 00 Cr. 389 (RCC), 2000 WL 1843233, at *1 (S.D.N.Y. Dec. 14, 2000) ............................................................................................................................. 7

*United States v. Mennuti*, 679 F.2d 1032, 1035 (2d Cir.1982) ...................................... 8

*United States v. Parrilla*, No. 13 Cr. 360 (AJN), 2014 WL 1621487, at *13 (S.D.N.Y. Apr. 22, 2014) ................................................................................................................... 20, 21, 22

*United States v. Peterson*, 357 F.Supp.2d 748, 752 (S.D.N.Y.2005) ......................... 15

*United States v. Rodriguez*, 734 F. Supp. 116, 127-28 (S.D.N.Y. 1990) .................. 6, 12

*United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999) .................................... 10

*United States v. Rogers*, No. 90 Cr. 377(CSH), 1991 WL 90797, at *2-3 (S.D.N.Y. May 21, 1991) ......................................................................................................... 6, 11, 12

*United States v. Rowe*, 414 F.3d 271, 278-79 (2d Cir. 2005) ....................................... 17

*United States v. Royer*, 549 F.3d 886, 895 (2d Cir. 2008) ............................................ 18

*United States v. Rutkoske*, 394 F. Supp. 2d 641, 646–47 (S.D.N.Y. 2005) ................. 19

*United States v. Saavedra*, 223 F.3d 85, 92-93 (2d Cir. 2000) ..................................... 16

*United States v. Salmonese*, 352 F.3d 608, 616-17 (2d Cir. 2003) ............................................ 8, 9

*United States v. Silberstein*, No. 02 Cr. 800 (SWK), 2003 U.S. Dist. LEXIS 10940, at *17 (S.D.N.Y. June 25, 2003) ............................................................................................................ 23, 24

*United States v. Stein*, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006) ................................................ 7

*United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir. 1990) .................................................... 19

*United States v. Strawberry*, 892 F. Supp. 519, 526 (S.D.N.Y. 1995) ........................................ 23

*United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) .......................................................... 5

*United States v. Tannenbaum*, 934 F.2d at 13 .............................................................................. 13

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ........................................................... 22

*United States v. Triana-Mateus*, No. 98 Cr. 958, 2002 WL 562649, at *5 (S.D.N.Y. Apr. 15, 2002) .............................................................................................................................................. 23

*United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) ...................................................... 16, 18

*United States v. United States Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964) .................. 20

*United States v. Vasquez*, 113 F.3d 383, 387 (2d Cir.1997) ........................................................ 12

*United States v. Williams*, 540 U.S. 36, 54 (1992) ........................................................................ 5

*United States v. Zarrab*, No. 15 CR 867 (RMB), 2016 WL 6820737, at *2 (S.D.N.Y. Oct. 17, 2016) ............................................................................................................................................... 5

*United States v. Zichettello,* 208 F.3d 72, 106 (2d Cir. 2000) ....................................................... 9

## PRELIMINARY STATEMENT

The defendant asks this Court for extraordinary relief—the dismissal of the Superseding Indictment.  The relief the defendant seeks would prevent a jury from deciding whether the Government has met its burden on the issue of venue.  This is not the law.  When, as is the case here, an indictment alleges all of the elements of a crime and venue, a pretrial motion to dismiss the indictment should be denied.

The defendant's arguments for alternative relief, in the form of a bill of particulars or transfer of the instant case to California, are similarly without merit and should likewise be denied.  Accordingly, the defendant's motion should be denied in its entirety.

## BACKGROUND

On June 22, 2016, the defendant, Steven Brown, along with James David Williams and Gerald Seppala, were charged in Indictment S3 16 Cr. 436 (Dkt. No. 1; the "First Indictment") with: (1) conspiring to commit wire fraud, between in or about 2012 and in or about June 2016; (2) the commission of wire fraud, between in or about 2012 and in or about June 2016; and (3) conspiring to commit money laundering, between in or about 2012 and in or about December 2014. The charges contained in the First Indictment stem from the defendant's participation in a scheme to solicit investments in films, including by falsely promising guaranteed returns and falsely claiming certain funds had already been invested in the films.  The First Indictment further alleged that the defendants diverted substantial portions of the invested funds to pay for their personal expenses, among other things. (*See* First Indictment ¶¶ 1-3).

On December 7, 2017, the operative indictment, S6 16 Cr. 436, was returned by the Grand Jury (Dkt. No. 124; the "Superseding Indictment").  The Superseding Indictment charges Brown

in five counts.  Count One charges Brown with conspiring with Williams and Seppala[1], among others, to commit wire fraud, between in or about 2009 and in or about 2016.  Count One alleges that the wire fraud conspiracy included eight separate victims (referred to as "Victims 1-8") and – like the wire fraud conspiracy charged in the First Indictment – relates to a scheme to defraud investors in film projects. (*Id.* ¶¶ 1-49; 63-64).  Many of the victims named in the Superseding Indictment, including, for example, Victim-2 and Victim-4, had been identified as victims in the First Indictment (albeit using different anonymized identifiers).  Count Two of the Superseding Indictment charges Brown with participating in a wire fraud scheme between in or about 2009 and in or about 2016 in connection with a scheme to defraud investors—specifically Victims 1-8—in film projects. (*Id.* ¶ 65-66).

The Superseding Indictment alleges numerous acts in furtherance of the wire fraud conspiracy charged in Count One and the wire fraud scheme charged in Count Two that occurred in the Southern District of New York.  The Superseding Indictment alleges, among other things, that Brown solicited Victim-1's investments, including by email and telephone, while Victim-1 was located in Manhattan. (*Id.* ¶ 5).  In addition, the Superseding Indictment alleges that, in order to persuade Victim-2 to invest in a film project, Williams, in coordination with Brown, sent via email to Victim-2's attorney, who was based in Manhattan, a falsified bank statement that misrepresented that certain funds had been invested, when in truth and in fact, they had not.  (*Id.* ¶ 23).  As a result of the false representations made to Victim-2's attorney while he was in Manhattan, Victim-2 caused an additional $4 million to be transferred to Brown and Williams in connection with the scheme to defraud. (*Id.* ¶ 24).

---

[1] As the Court is aware, Williams and Seppala each pleaded guilty and are not named as defendants in the Superseding Indictment.

Count Three of the Superseding Indictment charges that, from in or about 2016 until in or about 2017, Brown participated in a wire fraud conspiracy to defraud Victim-9, by making misrepresentations regarding purported guaranteed returns and profits associated with film projects and about how the funds invested by Victim-9 would be used. (*Id.* ¶ 50-55; 67-69). The Superseding Indictment alleges that Brown told Victim-9 that he and another individual were involved in a film production and distribution company and that Victim-9's investment in that company would lead to a guaranteed 50% return on investment. (*Id.* ¶ 51.) Based on those representations, Victim-9 invested nearly $300,000 in the purported production and distribution company. Victim-9 received no return from his investments, despite Brown's representations of guaranteed returns. In fact, a portion of Victim-9's investment was not used for film projects at all. (*Id.* ¶ 55). With regard to venue, in September 2016, Victim-9 traveled to Manhattan at Brown's invitation. (*Id.* ¶ 53). Brown arranged for Victim-9 to meet an attorney for Brown ("Attorney-1"), who Brown represented was involved in Brown's various film projects, as well as another individual involved in the production of films, who, in the course of that meeting, began discussing with Victim-9 a film in which Brown claimed to have invested. (*Id.*)

Count Four of the Superseding Indictment charges Brown with participating in a wire fraud conspiracy, along with Williams and an entertainment agent ("Agent-1"), to defraud an entertainment agency (the "Entertainment Agency"). (*Id.* ¶ 56-62; 70-72). Between in or about 2011 and in or about 2014, Brown, Williams, and Agent-1 diverted funds owed to the Entertainment Agency to themselves. (*Id.* ¶ 58.) This scheme involved the production of fake documents purportedly sent by the Entertainment Agency that were used to deceive a producer ("Producer-1") to wire funds to bank accounts Williams opened, with Brown's knowledge, which bore misleading names designed to make it appear as though they belonged to the Entertainment

Agency.  (*Id.* ¶ 60.)  With regard to venue, once certain of those funds had been transferred, $10,700 was transferred into a bank account in Brown's name (the "Brown Bank Account").  (*Id.* ¶ 61.)  On February 29, 2012, while in Manhattan, Brown withdrew approximately $83.00—proceeds from this fraud—from an ATM. (*Id.* ¶ 61).

Finally, Count Five charges Brown with conspiring to commit money laundering, from at least in or about 2009 until in or about 2016.  (*Id.* ¶ 73-76).  Among other things, the Superseding Indictment alleges that Brown and others, in the Southern District of New York and elsewhere, conspired to engage in monetary transactions of a value greater than $10,000 that was derived from the wire fraud scheme (*Id.* ¶ 75), and engaged in transactions designed to conceal and disguise the nature, location, source, ownership and control of proceeds of specified unlawful activity. (*Id.* ¶ 76).

## ARGUMENT

## I.   FOR EACH COUNT IN THE SUPERSEDING INDICTMENT, VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK.

The defendant's motion to dismiss the Superseding Indictment should be denied; venue as to each count in the Superseding Indictment is proper in the Southern District of New York. The defendant asserts that the Superseding Indictment does not sufficiently establish venue and lacks "substantial contact" with the Southern District of New York.  The defendant's argument relies on a misapprehension of the applicable law and a misreading of the Superseding Indictment itself.  Moreover, the question of whether the Government has proved by preponderance of the evidence that venue is proper in this District is one appropriately left to the jury in its role as the ultimate finder of fact.

### A.  Applicable Law

"The dismissal of an indictment is an 'extraordinary remedy' reserved only for extremely limited circumstances implicating fundamental rights."  *United States v. Zarrab*, No. 15 CR 867 (RMB), 2016 WL 6820737, at *2 (S.D.N.Y. Oct. 17, 2016) (quoting *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001)).  Indeed, it is well-settled that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits."  *Costello v. United States*, 350 U.S. 359, 363 (1956).  A facially valid indictment is not subject to challenge based on the quality or quantity of evidence. *See United States v. Williams*, 540 U.S. 36, 54 (1992); *United States v. Elie*, No. 10 Cr. 336 (LAK), 2012 WL 383403, at *1 (S.D.N.Y. Feb. 7, 2012).  To be valid on its face, "[a]n indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  On a pretrial motion to dismiss, allegations set forth in an indictment must be taken as true, and read in the light most favorable to the Government.  *See Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir.1998).

With regard to venue, prior to trial, the Government need only allege on the face of the indictment that venue is proper in the Southern District of New York.  *See, e.g., United States v. Rogers*, No. 90 Cr. 377(CSH), 1991 WL 90797, at *2-3 (S.D.N.Y. May 21, 1991) (denying a motion to dismiss because the indictment "alleges that the offenses…took place in the Southern District of New York, allegations that must be taken as true for the purposes of this motion" and

noting that "the defendant is free to revisit this on a motion for acquittal under Rule 29"); *United States v. Rodriguez*, 734 F. Supp. 116, 127-28 (S.D.N.Y. 1990) (denying motion to dismiss indictment which contained allegations that, if established at trial, would suffice to establish venue).  Thus, resolution of a motion to dismiss an indictment on venue grounds is properly deferred until the close of the Government's case.  *See, e.g., United States v. Stein*, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006) ("[A]s long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied."); *United States v. Martino*, No. 00 Cr. 389 (RCC), 2000 WL 1843233, at *1 (S.D.N.Y. Dec. 14, 2000) ("Prior to trial, it suffices for the government to allege with specificity that the charged acts support venue in the district.); *United States v. Fama*, No. 95 Cr. 840 (RO), 1996 WL 438165, at *1 (S.D.N.Y. Aug. 5, 1996) ("Since the government's burden, at this point, is limited to *alleging* venue, this motion is properly deferred until the close of the government's case.") (emphasis in original); *United States v. Korolkov*, 870 F. Supp. 60, 63-64 (S.D.N.Y. 1994) (where indictment alleges venue, objection to venue is a fact issue properly reserved for trial).

## B.  Discussion

### 1.  *The Superseding Indictment Sufficiently Alleges Venue as to Count Four.*

The Superseding Indictment alleges that the defendant withdrew proceeds of the conspiracy charged in Count Four while in the Southern District of New York.  As a matter of law, nothing more is required of the Government at this stage.  *See, e.g., Stein*, 429 F. Supp. 2d at 643 ("[A]s long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied.").  Nevertheless, the defendant contends in seeking to dismiss this Count that this allegation is insufficient to allege venue because the withdrawal of

cash proceeds of a scheme is not an overt act in furtherance of the charged conspiracy.  (Def. Br. at 4-5).

The defendant is wrong.  In a wire fraud conspiracy, "[v]enue [i]s proper in any district in which the offense began, continued, or concluded."  *United States v. Kim*, 246 F.3d 186, 191 (2d Cir. 2001).  As the Second Circuit has stated, the "receipt of anticipated profits is an overt act in furtherance of an economically motivated conspiracy."  *United States v. Salmonese*, 352 F.3d 608, 616-17 (2d Cir. 2003); *see also United States v. Mennuti*, 679 F.2d 1032, 1035 (2d Cir.1982) (where the object of a conspiracy is economic, the conspiracy generally "continues until the conspirators receive their anticipated economic benefits."); *United States v. Gilboe*, 684 F.2d 235, 239 (2d Cir. 1982) (finding venue proper where the proceeds of fraud were transferred through New York so that "such commerce" moved "from, through, or into" the venue (quoting 18 U.S.C. § 3237(a)).

Here, the defendant is charged in an economically motivated scheme, designed to divert funds due to the Entertainment Agency, and he is alleged to have personally received certain of those funds while in Manhattan.  That receipt of fraud proceeds is sufficient to establish venue.  *See Salmonese*, 352 F.2d at 616-17.  Moreover, not only did the defendant receive the proceeds of his fraud while physically in this District, but the defendant's use of the ATM in Manhattan means that he also caused fraud proceeds to enter this District.  Causing proceeds to enter a district is another basis upon which venue may be appropriately established here.  *See United States v. Zichettello,* 208 F.3d 72, 106 (2d Cir. 2000) (noting a wire transmission is caused when an individual "act[s] 'with knowledge that the use of the wires would follow in the ordinary

course of business, or if such use could reasonably have been foreseen'") (quoting *Pereira v. United States,* 347 U.S. 1, 8-9 (1954) (internal brackets omitted)).[2]

The defendant further argues that because some actions in furtherance of the conspiracy that form the basis of Count Four occurred in California, venue is not proper in this District. Venue is not mutually exclusive.  *See* 18 U.S.C. § 3237.  The fact that this case could, perhaps, *also* have been brought in California does not defeat venue in the Southern District of New York. *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999) ("[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done.") (citation omitted); *United States v. Lange*, 834 F.3d 58, 68 (2d Cir. 2016) ("Venue may lie in more than one place if [ ]the acts constituting the crime and the nature of the crime charged implicate more than one location.").  Accordingly, the motion to dismiss Count Four on venue grounds should be denied.

### 2.  *The Superseding Indictment Sufficiently Alleges Venue as to Count Three.*

Venue is also proper in this district as to Count Three.  The Superseding Indictment alleges that Victim-9 travelled to Manhattan at the defendant's invitation and, while in Manhattan, met with multiple individuals purportedly involved in the defendant's film projects. (Superseding Indictment ¶ 53).  Specifically, Victim-9 is alleged to have met with Attorney-1, who Brown represented to Victim-9 was involved in Brown's various film projects, the very

---

[2] The defendant cites two civil cases, *Como v. Commerce Oil Co., Inc.*, 607 F. Supp. 335, 341 (S.D.N.Y. 1985), and *Bolton v. Gramlich*, 540 F. Supp. 822 (S.D.N.Y. 1982), in arguing that for venue to be proper, an act in furtherance of the conspiracy must have taken place in the relevant district.  Both cases analyze venue in the context of civil statutes, specifically, 28 U.S.C. § 1391(b) and 15 U.S.C. § 78aa, which are not relevant to the instant case; neither case addresses the question of venue in the context of a criminal conspiracy, let alone a criminal wire fraud conspiracy.  *See Como*, 607 F. Supp. at 342 ("Section 27 of the Securities Exchange Act of 1934 . . . provides venue for claims brought under the Act in the district in which any act or transaction constituting the violation occurred." (quotation omitted)); *Gramlich*, 540 F. Supp. At 842 (same).

types of projects for which Brown was soliciting Victim-9's investment.  (Superseding Indictment ¶¶ 50-55, 67-69).  The Superseding Indictment also alleges that Brown introduced Victim-9 to an individual who solicited additional investments from Victim-9 in a film in which Brown purportedly was also investing. (Superseding Indictment ¶ 53).

Despite these allegations, the defendant argues venue is not proper as to Count Three because Victim-9 did not agree to invest in the defendant's scheme during the course of the meetings that occurred in this District.  (Def. Br. at 5-6).  The defendant notes that Victim-9 has initiated civil proceedings which focus on acts that occurred in California.  (*See* Def Br. at 6). An act is an overt act in furtherance of a conspiracy if it is "within the scope of the conspiratorial agreement . . . [it] need not be itself a crime."  *United States v. LaSpina*, 299 F.3d 165, 176 (2d Cir. 2002) (quotation marks omitted) (quoting *Braverman v. United States*, 317 U.S. 49, 53 (1942)).  Here, the Superseding Indictment alleges that Brown arranged for Victim-9 to take multiple meetings in Manhattan that led Victim-9 to meet other individuals connected to Brown's involvement in the film industry, supporting Brown's claims about his own production efforts and prior success.  These efforts furthered the goal of inducing Victim-9 to invest in Brown's purported company and were, thus, in furtherance of the conspiracy to defraud.  *See Republic of Colombia v. Diageo N. Am. Inc.*, 531 F. Supp. 2d 365, 444–45 (E.D.N.Y. 2007) (noting that "lulling the victim of a fraud into believing that no fraud had been committed is a 'necessary step in executing' the fraud'") (quoting *United States v. Angelilli*, 660 F.2d 23, 36 (2d Cir.1981)); *see also United States v. Rogers*, No. 90 Cr. 377 (CSH), 1991 WL 8544, at *3 (S.D.N.Y. Jan. 24, 1991) ("It is well established that post-transaction 'lulling' communications fall within the statutes prohibiting mail or wire fraud.).  To the extent the defendant seeks to challenge the notion that these meetings were in furtherance of the fraud, he has raised a factual

question properly decided by the jury.  On a motion to dismiss, however, all factual inferences

must be drawn in the Government's favor and, accordingly, the motion to dismiss Count Three

on venue grounds must be denied.  *See Rogers*, 1991 WL 90797, at *3; *Rodriguez*, 734 F. Supp.

at 127-28.

> ### 3.  The Superseding Indictment Sufficiently Alleges Venue as to Counts One, Two, and Five.

The defendant further argues that venue is not properly alleged as to Counts One, Two,

and Five.  These arguments lack merit, and the motion to dismiss these counts for lack of venue

should be denied.

*First*, the defendant asserts that emails sent to Victim-1 and, therefore, "transmitted to

New York" do not confer venue because these acts are outside the statute of limitations period.

(Def. Br. at 7).  For the reasons articulated in the Government's Memorandum of Law in

Opposition to Defendant's Motion to Dismiss Counts One, Two and Five To the Extent the

Charges Rely on Conduct Outside the Statute of Limitations and to Strike Paragraphs Four

Through Ten, also filed today, the criminal conduct involving Victim-1 is timely charged in the

Superseding Indictment because it is part of the single continuing conspiracy alleged in Count

One.  (Govt. Br. at 6-9); *see also United States v. Aracri*, 968 F.2d 1512, 1521 (2d Cir. 1992)

(citations omitted); s*ee also United States v. Vasquez*, 113 F.3d 383, 387 (2d Cir.1997) ("Where

there is sufficient proof of an ongoing connection between transactions, one conspiracy is not

transformed into multiple conspiracies simply because it occurs in more than one stage and in

different times.").  Furthermore, venue and statute of limitation issues are distinct inquires.  Acts

that occur outside a statute of limitations period may still satisfy the requirements of venue.  *See*

*United States v. Tannenbaum*, 934 F.2d at 13 ("We are unaware of any law, however, that

requires overt acts serving as a basis for venue to be committed within the statute of limitations .

10

. . . We hold, therefore, that overt acts . . ., although committed outside the statute of limitations, were sufficient to confer venue in the Eastern District of New York.").

*Second*, the defendant claims that transmission of a fraudulent screen shot to Victim-2's attorney, who was in Manhattan at the time of receipt, is insufficient to confer venue because "Victim-2 is a Wyoming resident and every alleged communication between Defendant and Victim-2 took place on the West Coast," so that the provision of a screenshot "after Victim-2 had already made his investment decision" "does not transform a California civil dispute into a New York criminal case." (Def. Br. at 7). This argument is unavailing. The Superseding Indictment makes clear that a core aspect of the fraud was that Brown and his co-conspirators made various misrepresentations about their "own investments in the films and/or funding that they claimed they had already received from other investors" and "used falsified financial documents to support their claims." (*Id.* ¶ 2). Indeed, the Superseding Indictment expressly alleges that the provision of the false screenshot to the attorney, who was in Manhattan, was part of the process that led Victim-2 to "invest" additional funds in the fraudulent scheme. (Superseding Indictment ¶ 24) ("based in part on these representations [contained in the false screenshot]. . . Victim-2 caused an additional $4 million to be transferred"). To the extent the defendant is seeking to challenge whether or not Victim-2 in fact relied upon these representations, that is a factual question that ought not be resolved at this stage.[3] *See, e.g., United States v. Chalmers*, 474 F.

---

[3] The defendant suggests that if the transmission of the false bank account statement to the attorney is sufficient to confer venue, "victims could manufacture venue by shopping for counsel in any of the 50 states and then demanding documents be produced to their attorneys." (Def. Br. at 7.) This argument is disingenuous and ignores the factual allegations in the Superseding Indictment. Victim-2's attorney played a key role in the facts at issue in this case and may well be a witness at trial. He was retained to assist Victim-2 in assessing the investments he had already made, and others he planned to make, with Brown and his co-conspirators. The representations made to the attorney, thus, were crucial to the continued operation of the scheme to defraud Victim-2. Moreover, there can be no allegation that Victim-2 retained this attorney in the hope that one

Supp. 2d 555, 575 (S.D.N.Y. 2007) (denying motion to dismiss that alleged venue was improper because criminal acts occurred "in the Southern District of New York and elsewhere . . . ." and noting that "whether there is sufficient evidence to support venue in this District is appropriately left for trial").

Finally, with respect to Count Five, which charges money laundering conspiracy, venue is sufficiently alleged in this District.  A money laundering conspiracy may be prosecuted in "any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted." 18 U.S.C. § 1956(i)(1)(B).  Alternatively, a money laundering conspiracy may be tried in any "district where an act in furtherance of the attempt or conspiracy took place."  18 U.S.C. § 1956(2).  The Superseding Indictment alleges that Brown and others known and unknown, "in the Southern District of New York and elsewhere," conspired to violate the money laundering laws. (Superseding Indictment ¶ 74).  Furthermore, as is explained above, the Superseding Indictment contains sufficient allegations detailing that the underlying unlawful activity (i.e. wire fraud) is proper in this District.

While the speaking allegations of the Superseding Indictment do not detail specific transactions in furtherance of the money laundering conspiracy, such allegations are not required at this stage.  The Government intends to prove at trial various transactions that were acts in furtherance of the money laundering conspiracy providing venue in this District, and it will be

---

day, years later, a criminal case would be brought in this District.  Instead, Victim-2 retained an attorney to assist him in his business dealings with the defendant, and the defendant and his co-conspirators created the false screenshot and caused it to be transmitted over wires into this District.  Having done so, they cannot now contend that venue is improper here.

the jury's role to determine whether the Government has proven venue by a preponderance of the evidence as to this Count at trial.  *See, e.g., Chalmers*, 474 F. Supp. 2d at 575 ("[W]hether there is sufficient evidence to support venue in this District is appropriately left for trial . . . . [T]he Government will have to prove venue by a preponderance of evidence, . . . and the Government has represented that it will prove additional facts at trial to support the Indictment's allegation of venue.") (citing *United States v. Peterson*, 357 F.Supp.2d 748, 752 (S.D.N.Y.2005) (denying venue motion based in part on government's representation that it would prove at trial additional facts not specifically asserted in the indictment that also supported venue allegation).

## II.    THIS CASE HAS SUFFICIENT CONTACTS WITH THE SOUTHERN DISTRICT OF NEW YORK.

The defendant contends that all of the charges in the Superseding Indictment lack "substantial contacts" with the Southern District of New York and that venue in this District is therefore improper.  This argument fails for the reasons described below.

### A.  Applicable Law

A defendant must "be tried in the district where his crime was 'committed.'"  *United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) (citing U.S. Const. amend. IV; Fed.R.Crim.P. 18).  "Venue is proper only where the acts constituting the offense—the crime's 'essential conduct elements'—took place."  *Tzolov*, 642 F.3d at 318.  "To determine whether the application of a venue provision in a given prosecution comports with constitutional safeguards, a court should ask whether the criminal acts in question bear 'substantial contacts' with any given venue."  *United States v. Saavedra*, 223 F.3d 85, 92-93 (2d Cir. 2000).  The evaluation of substantial contacts is "'especially'" helpful in assessing venue "'in those cases where the *defendant's* acts *did not* take place within the district[.]'"  *Tzolov*, 642 F.3d at 321 (quoting *Saavedra*, 223 F.3d at 93) (finding venue proper where the defendant flew out of an airport in the

district on his way to make "false statements to the investors in person"). The "'substantial

contacts' test [ ] takes into account a number of factors," such as "the site of the defendant's acts,

the elements and nature of the crime, the locus of the effect of the criminal conduct, and the

suitability of each district for accurate factfinding." *United States v. Coplan*, 703 F.3d 46, 80 (2d

Cir. 2012) (internal quotation marks omitted; most alterations in original). These factors are

"useful guideposts for consideration, they are not mandatory or mechanical specifications for a

valid venue." *United States v. Abdallah*, 528 F. App'x 79, 83 (2d Cir. 2013) (Summary Order).

### B.  Discussion

The Superseding Indictment sufficiently alleges contacts between the defendant and the

Southern District of New York. The conduct alleged in the Superseding Indictment took place in

many jurisdictions. With regard to this District, the Superseding Indictment sets forth several

allegations, each of which independently demonstrate that the defendant freely chose to enter the

Southern District of New York or to propel his criminal conduct into this District. *See generally*

*United States v. Johnson*, 323 U.S. 273, 275 (1944) (continuing offense doctrine applies "over

the whole area through which force propelled by an offender operates"); *United States v. Rowe*,

414 F.3d 271, 278-79 (2d Cir. 2005) (re-affirming *Johnson* "propelled force" formulation). For

example, the defendant and his co-conspirators solicited investments from Victim-1 while

Victim-1 was in Manhattan (Superseding Indictment ¶ 5), sent fake bank documents to Victim-

2's attorney while the attorney was in Manhattan (*Id.* at ¶ 23), and invited Victim-9 into this

District to further the scheme to defraud charged in Count Three (*Id.* at ¶ 53). These allegations

each sufficiently, and certainly when taken together, demonstrate that the Southern District was

the site of acts in furtherance of the crimes charged, acts freely undertaken by the defendant and

his co-conspirators. *See Tzolov*, 642 F.3d at 321.

That the defendant's criminal conduct was felt in the Southern District of New York is another reason why this Court should reject the defendant's argument.  The Second Circuit has found the "substantial contacts" test satisfied where conduct is felt in a contested venue.  For example, in *Coplan*, the Second Circuit determined that venue was proper in the Southern District of New York in a case where the defendant was charged with a violation of 18 U.S.C. § 1001, despite the fact that the materially false statements at issue were made in a deposition taken by the Internal Revenue Service in Tennessee, because federal regulators reviewed the deposition in Manhattan.  703 F.3d at 78-80.  In short, "[t]he fact that [defendant's] statements continued to be false and continued to be in the jurisdiction of the United States when they finally reached Manhattan, confirms [the Second Circuit's] view that venue was proper in the Southern District of New York."  *Id*. at 80.  While it may be true that the effects of the defendant's criminal conduct in this case were also felt in California, or in other jurisdictions, that does not prohibit trial before this Court.  *See United States v. Royer*, 549 F.3d 886, 895 (2d Cir. 2008) (rejecting a challenge to venue where the charged scheme "defrauded investors throughout the country," such that the defendants "can hardly complain that their very *modus operandi* subjected them to prosecution in numerous districts").

As set forth above, the defendant's contacts with the Southern District of New York were substantial and, accordingly, venue is proper before this Court.

## III.   THE DEFENDANT'S MOTION TO TRANSFER THIS CASE TO CALIFORNIA SHOULD BE DENIED.

### A. Applicable Law

"Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b).

15

"In considering whether to grant a motion to transfer, a district court will consider (1) location of defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer." *United States v. Rutkoske*, 394 F. Supp. 2d 641, 646–47 (S.D.N.Y. 2005) (citing *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 244 (1964)).  No one factor is dispositive and courts should consider all relevant circumstances when determining whether the defendant seeking transfer carried his burden "to justify the transfer." *Id.*; *see also United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir. 1990) (explaining district courts must "strike a balance and determine which factors are of greatest importance").

### B.  Discussion

The defendant's request to transfer venue just two months before trial is unreasonable and without merit.  Transferring this case to another district and to another court that is unfamiliar with this case will consume significantly more judicial resources, create further delays, and cause more inconvenience.  Moreover, "[a]s a general rule a criminal prosecution should be retained in the original district" in which it is filed.  *United States v. Parrilla*, No. 13 Cr. 360 (AJN), 2014 WL 1621487, at *13 (S.D.N.Y. Apr. 22, 2014) (quoting *United States v. United States Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964)).

The defendant primarily argues that venue should be transferred because "virtually all of the relevant parties and anticipated witnesses" are located in or near California. (Def. Br. at 13-14).  At the outset, this statement is inaccurate.  As recognized in the defendant's brief, Victim-1

resides near this District and, at the time of the charged conduct, worked in this District, Victim-2 is a resident of Wyoming, and Victim-2's attorney in the course of the dealings at issue was in this District.  For those witnesses located in or near the Southern District of New York—including, for example, Victim-1 and Victim-2's attorney—a trial in California would create inconvenience along the lines complained of by the defendant.  Moreover, to the extent some of the witnesses who might testify at trial are in California, the defendant "does not allege or attempt to show that the[] witnesses would be unable to testify in New York, that he would be unable to call them, or that he would be financially incapable of paying such witnesses' expenses."  *United States v. Ebbers*, No. 02 Cr. 1144 (BSJ), 2004 WL 2346154, at *1 (S.D.N.Y. Oct. 18, 2004).  Even if Brown had asserted as much, this factor matters little "in this age of easy air travel."  *Id*.

The defendant also argues that trial in this District is unduly burdensome to him because he and his family live in California.  But a "defendant's residence . . . should not be given dispositive weight" in assessing venue.  *Parrilla*, 2014 WL 1621487, at *15.  Moreover, the defendant exaggerates this hardship.  In fact, the defendant has business interests in the Southern District of New York and, throughout the course of conduct at issue in this case, travelled frequently to New York.  For example, Cine Globe Productions LLC, which is the defendant's entity, was incorporated in New York State and has a service of process in Manhattan.  Moreover, the defendant repeatedly utilized an attorney (referred to as "Attorney-1" in the Superseding Indictment) in negotiating with victims and others involved in the charged schemes who was, himself, located at an office in Manhattan.

None of the other factors to be considered counsel in favor of transfer, especially at this late date in the course of these proceedings, which were initiated in 2016.  All counsel are

located here.  All of the evidence at issue in this case—primarily documentary evidence—can be easily accessed and presented here.  Moreover, even if standing trial in this district "will cause [the defendant] to incur additional expenses," a trial elsewhere "will increase expenses for the government" and "[s]ince [the defendant] does not claim that he cannot pay his defense costs and other expenses for trial in New York and [transfer] would increase expenses, the expense to the parties does not favor transfer[.]"  *Parrilla*, 2014 WL 1621487, at *15 (internal quotations omitted).  Additionally, this is a case that has been pending more than a year and a half and is now scheduled for trial in this District within the next two months.  This ensures that the case "will receive ample attention regardless of docket conditions," further supporting the retention of this case by this Court.  *See id.*

For all of these reasons, transfer of venue to California at this late hour is not appropriate and would not be in the interests of justice.[4]

## IV.   THE DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS SHOULD BE DENIED.

If the Court denies the instant motion, the defendant seeks a bill of particulars as to the basis for venue underlying each count of the Superseding Indictment.

"A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (internal quotation marks omitted).  In exercising its broad discretion to determine whether the charges are "so general" that they require supplementing, the Court should consider not just the text of the Superseding Indictment, but also

---

[4] In seeking to transfer the case more than 19 months after the return of the First Indictment, the defendant offers no explanation for seeking this relief, particularly in light of the fact that his arguments for transfer apply equally to the charges in the First Indictment.

discovery and other information supplied to the defendant to date.  *See United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam).  Ultimately, "[i]n deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.'"  *United States v. Silberstein*, No. 02 Cr. 800 (SWK), 2003 U.S. Dist. LEXIS 10940, at *17 (S.D.N.Y. June 25, 2003) (quoting *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990)).  Moreover, a bill of particulars may not be used as a general investigative tool, *United States v. Strawberry*, 892 F. Supp. 519, 526 (S.D.N.Y. 1995), or as a device to compel disclosure of the Government's evidence prior to trial.  *See United States v. Triana-Mateus*, No. 98 Cr. 958, 2002 WL 562649, at *5 (S.D.N.Y. Apr. 15, 2002) (citing *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974)).

Here, the 79 paragraph Superseding Indictment sets forth substantial detail about the nature of the allegations and is more than sufficient to apprise the defendant of the charges against him and the basis for venue as to each.  (*See, e.g.,* Superseding Indictment ¶ 5, 23, 53).  Additionally, the defendant has received voluminous discovery, including e-mail search warrant returns, bank records, and documents produced by individual victims, identified by name in those productions. Taken together, this information provides more than sufficient information to apprise the defendant of the charges against him—and the basis for venue as to each.  Indeed, the defendant challenges venue on the instant motion by attempting to discredit the basis for venue articulated as to each count in the Superseding Indictment, undermining the very notion that a Bill of Particulars is

necessary, as opposed to helpful, in this case.  *See Silberstein*, 2003 U.S. Dist. LEXIS 10940 at *17.

Accordingly, the allegations in the Superseding Indictment sufficiently apprise the defendant of the Government's venue allegations, and nothing more is required. The defendant's motion for a bill of particulars should be denied.[5]

## CONCLUSION

As set forth herein, the Motion should be denied in its entirety.


Dated: New York, New York
       February 12, 2018

                                    Respectfully submitted,

                                    GEOFFREY S. BERMAN
                                    United States Attorney
                                    for the Southern District of New York

                        By:    _____/s/_____
                                    Ryan B. Finkel
                                    Katherine Reilly
                                    Noah Solowiejczyk
                                    Assistant United States Attorneys
                                    Tel.: (212) 637-6612/6521/2473

---

[5]      The defendant also requests that if the Court denies the instant motion he be permitted to renew his objection to venue in seeking a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.  (Def. Br. at 12).  The Government reserves the right to address any such motion if and when it is made and in light of the record at that time.