UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,            :

       v.                                             :

STEVEN BROWN,                                  :

           Defendant.                     :

                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORAL ARGUMENT REQUESTED**

16 Cr. 436 (KMW)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER PURSUANT TO RULE 21

DOAR RIECK KALEY & MACK
Walter Mack, Esq.
David Rivera, Esq.
Michael Minnefor, Esq.
217 Broadway, Suite 707
New York, New York 10007
Tel: 212-619-3730
Fax: 212-962-5037
*Attorneys for Defendant Steven Brown*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................... 1

ARGUMENT ................................................................ 1

    I.    THE $83 WITHDRAWAL FROM AN ATM IN MANHATTAN
         IS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH
         VENUE IN NEW YORK FOR COUNT FOUR .......................... 1

    II.   THE COURT SHOULD DISMISS COUNT THREE AND
         THE REMAINING COUNTS FOR LACK OF VENUE ................... 4

    III.  THIS CASE, WHICH ALLEGES CRIMINAL CONDUCT IN
         CONNECTION WITH THE MAKING OF FILMS AND
         DOCUMENTARIES, SHOULD BE TRANSFERRED TO
         CALIFORNIA, WHERE THE OVERWHELMING MAJORITY
         OF WITNESSES RESIDE ........................................ 5

CONCLUSION .............................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Fountain v. United States*,
    357 F.3d 250 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 fn.

*Platt v. Minnesota Mining and Mfg. Co.*,
    376 U.S. 240 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Travis v. United States*,
    364 U.S. 631 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 fn.

*United States v. Beech-Nut Corp.*,
    871 F.2d 1181 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Bozza*,
    365 F.2d 206 (2d Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Gilboe*,
    684 F.2d 235 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Kim*,
    246 F.3d 186 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Mennuti*,
    679 F.2d 1032 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Olivas-Perea*,
    2017 WL 5001985 (D.N.M. Oct. 31, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 fn.

*United States v. Reed*,
    773 F.2d 477 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Rodriguez*,
    734 F. Supp. 116 (S.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 fn.

*United States v. Salmonese*,
    352 F.3d 608 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Statutes**

Fed.R.Crim.P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 fn.

Fed.R.Crim.P. 21(f) .................................................... 6

Fed.R.Crim.P. 29 ...................................................... 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

UNITED STATES OF AMERICA,           :

           v.                              :       16 Cr. 436 (KMW)

STEVEN BROWN,                       :

           Defendant.                  :

                                    :

---------------------------------x

## PRELIMINARY STATEMENT

Defendant Steven Brown submits this Reply Memorandum of Law in further Support of his Motion to Dismiss the Superseding Indictment for Improper Venue, or alternatively, to Transfer the Case to the Southern District of California, where the alleged crimes purportedly occurred.

## ARGUMENT

### I.

### THE $83 WITHDRAWAL FROM AN ATM IN MANHATTAN IS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH VENUE IN NEW YORK FOR COUNT FOUR

The government does not dispute that the slender reed upon which it hangs venue in Count Four of the Superseding Indictment is a single act: Mr. Brown's $83 withdrawal from an ATM while in Manhattan. Importantly, in the government's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Gvmt Opp. Brf."), the Government does not argue that any additional acts (beyond withdrawing $83) occurred in New York with respect to Count Four. Nor does the Government dispute that the alleged crime set forth in Count Four concerns actions by

California residents to allegedly defraud a California Entertainment Agency.[1] Rather, its response is that Count Four should proceed to trial so that the jury may resolve any factual disputes as to venue, and that Mr. Brown's withdrawal of $83 while in Manhattan establishes venue because it constitutes receipt of the proceeds of the wire fraud conspiracy. (Gvmt Opp. Brf. at 7-8).

First, with respect to resolving venue issues at trial, the defense is not factually disputing whether Mr. Brown withdrew $83 from an ATM in Manhattan, but rather is accepting the allegation as true for purposes of this motion. Accordingly, this court may resolve this legal question prior to trial.[2]

Second, the mere act of withdrawing $83 is insufficient as a matter of law to establish venue in New York for Count Four.[3] For such a *de minimis* act to provide the sole basis for venue in New York would distort venue – a fundamental concept rooted in the Constitution – beyond

---

[1] The newly added Count Four is strikingly different in kind from any of the other counts in the Superseding Indictment as it relates to purportedly fraudulent invoices allegedly intended to deny commissions owed to a California Entertainment Agency.

[2] The Government's reliance on *United States v. Rodriguez*, 734 F. Supp. 116 (S.D.N.Y. 1990) is misplaced because the indictment in that case specifically charged that the defendant's co-conspirators engaged in criminal conduct in the Southern District of New York. *Id.* at 127-28. There is no such factual allegation with respect to Count Four in this case. Mr. Brown's $83 withdrawal is the only alleged basis for venue in this district with respect to Count Four.

[3] It is fine and well for the Government to shrug its shoulders and argue that venue issues with respect to Count Four can be resolved at trial, but such an approach would place a heavy toll on Mr. Brown – both financially and in terms of trial preparation – forcing him to expend resources defending a count that has no connection to New York, involves a different fact pattern than the remainder of the Superseding Indictment, and involves different witnesses, all of whom are California-based. *See* Fed.R.Crim.P. 12(b)(3) ("Motions that *must* be made before trial...if the basis for the motion is then reasonably available: improper venue") (emphasis added); *see also United States v. Olivas-Perea*, 2017 WL 5001985, at *12 (D.N.M. Oct. 31, 2017) (properly granting motion to dismiss before trial even where factual dispute existed, so long as dispute implicates facts peculiar to the motion and not facts surrounding guilt or innocence).

recognition and render it meaningless. Indeed, the Government is unable to cite a single case for the ludicrous proposition that venue can be established in any of the fifty states by the mere act of a defendant withdrawing spending cash from an ATM. Basing venue on such an insignificant contact is simply unprecedented. Compare the substantial contacts with the district in the cases cited by the Government to the *de minimis* nature of Mr. Brown's $83 withdrawal. *United States v. Kim*, 246 F.3d 186 (2d Cir. 2001) (where faxes and wire transfers were transmitted into and out of the Southern District of New York and approved fraudulent invoices were submitted to New York bank for payment of vendors, venue lies in New York); *United States v. Gilboe*, 684 F.2d 235, 239 (2d Cir. 1982) (venue established in New York "where numerous telexes and telephone calls between New York and Hong Kong" took place and where "the proceeds of the fraud were *all* transferred through New York") (emphasis added); *United States v. Mennuti*, 679 F.2d 1032 (2d Cir. 1982) (receiving a "payoff" from the sale of real property, which defendant had conspired to burn down, was an overt act for purposes of the statute of limitations); *United States v. Salmonese*, 352 F.3d 608 (2d Cir. 2003) (multiple illegal sales of stripped warrants that generated proceeds to defendant are overt acts extending statute of limitations).

More importantly, in the instant case, Mr. Brown is alleged only to have withdrawn $83 to spend from proceeds he had *already received* into his California bank account. Contrary to the Government's argument that Mr. Brown "personally received certain of those funds while in Manhattan" (Gvmt Opp. Brf. at 7), the Superseding Indictment states otherwise. It states he received those funds into his California bank account a week earlier. Specifically, "on or about *February 23, 2012*, approximately $10,700 was wired from one of the False Bank Accounts to an

-3-

account held in the name of Steven Brown." (Superseding Indictment ¶ 61) (emphasis added).[4] And on "*February 29, 2012*, Brown withdrew approximately $83 from the Brown bank account at an ATM located in Manhattan, New York." *Id.* (emphasis added). Thus, accepting the allegations of the Superseding Indictment as true, Mr. Brown did not "receive" criminal proceeds while in Manhattan; the funds were already in his California account as of February 23, 2012. (*See* Mack Reply Aff., Exh. A).

Even if Mr. Brown had received the purported criminal proceeds in New York (which he did not), none of the foregoing cases cited by the Government support venue based on such limited and *de minimis* conduct within the district. Under the Government's expansive view of venue, every time Mr. Brown makes a withdrawal from his bank account to spend money, venue would be generated wherever he happens to be located – even though the location is unconnected in any way to the alleged criminal conduct. In other words, if a defendant buys a stick of gum in Iowa or a newspaper in Florida, venue would lie in those states for criminal prosecution, according to the theory posited by the Government. The case law simply does not support such an expansive interpretation of criminal venue. *See United States v. Beech-Nut Corp.*, 871 F.2d 1181, 1190 (2d Cir. 1989) (whether a crime is continuing or noncontinuing, "to the extent the issue is doubtful as to where [stolen goods were received], it is best to resolve the doubt in favor of a

---

[4] As reflected in the Wells Fargo bank account statement, this was a California bank account subject to "California account terms and conditions." Also, to the extent it is of any relevance, Mr. Brown was presumably physically present in California at the time of the $10,700 transfer on February 23, 2012, since the bank statement reflects he transferred $650 from an ATM located in Palms Springs, California on the following day, February 24, 2012. A copy of the February 2012 Wells Fargo bank statement is attached as Exhibit A to the accompanying Reply Affirmation of Water Mack in Further Support of the Motion to Dismiss for Lack of Venue or, Alternatively, to Transfer, affirmed February 23, 2017 ("Mack Reply Aff.").

construction which will ensure trial where witnesses to the receiving are more likely to be present; otherwise the mere happenstance of a telephone call from a district, possibly remote, where a defendant chanced to be, could deprive him of the protection of the Sixth Amendment), *quoting United States v. Bozza,* 365 F.2d 206, 220-21 (2d Cir. 1966).[5]

## II.

### THE COURT SHOULD DISMISS COUNT THREE AND THE REMAINING COUNTS FOR LACK OF VENUE

With respect to Count Three, the Government does not dispute that Victim-9 filed a civil lawsuit in which he alleged that the relevant meetings leading up to his investment decisions all took place in Santa Monica, California – without any mention of New York. Rather, it takes the position that the matter of venue can be resolved at trial. The Government's opposition brief makes this argument without addressing any of the various *Reed* factors considered by courts in this Circuit to determine whether prosecution is appropriate in a given venue based on "substantial contacts." *United States v. Reed,* 773 F.2d 477, 481 (2d Cir. 1985). This analysis is particularly important in situations where the defendant claims he is being prejudiced by prosecution in the district, as is the case here where the logistics of a trial would be unnecessarily difficult, costly and inefficient and the large majority of witnesses are outside of New York. (*See* the Memorandum of Law in Support of Defendant's Motion to Dismiss the Superseding

---

[5] In order to establish venue, the court looks to the location of the acts constituting the crime. *Travis v. United States,* 364 U.S. 631, 635 (1961) ("Where Congress is not explicit, the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it.") (internal quotations omitted). The essential elements of a mail or wire fraud violation are (1) a scheme to defraud, (2) money or property, and (3) use of the mails or wires to further the scheme. *Fountain v. United States,* 357 F.3d 250, 255 (2d Cir. 2004). Since the actual withdrawal of cash from an account allegedly used for wire fraud proceeds is not, in itself, an element of the crime, it cannot properly form the basis for venue.

Indictment for Improper Venue, or, Alternatively to Transfer Pursuant to Rule 21(f), dated January 29, 2017 ("Moving Brief") at pgs. 8-12).

For these and all of the other reasons set forth in Moving Brief, the Superseding Indictment should be dismissed for lack of venue.

## III.

### THIS CASE, WHICH ALLEGES CRIMINAL CONDUCT IN CONNECTION WITH THE MAKING OF FILMS AND DOCUMENTARIES, SHOULD BE TRANSFERRED TO CALIFORNIA, WHERE THE OVERWHELMING MAJORITY OF WITNESSES RESIDE

The Government opposes transfer pursuant to Rule 21(f) on the grounds that the case "has been pending for more than a year and a half" in this district. (Gvmt Opp. Brf. at 18). The Government ignores the fact the Superseding Indictment, filed on December 7, 2017, added counts that made the case much more California-centric than the Initial Indictment. Specifically, the Superseding Indictment added Count Three, involving Victim-9, a California investor, and Count Four, allegations exclusive to California concerning purported fraudulent invoices prepared in California and sent to a California Entertainment Agency. While the newly added Victim-1 is located in New Jersey, the other eight purported victims and the Entertainment Agency have no connection to the East Coast.

Moreover, the Government recently provided to the defense the Bates production numbers of *Brady* materials it produced concerning a prior criminal investigation of former co-defendant and Government cooperator David Williams. As suspected, those materials reveal a wealth of fraudulent activities committed by Mr. Williams that strongly support the defense's view that he, and he alone, was the architect of the crimes alleged in this case. Those documents include a slew

of impeachment witnesses, including numerous investors defrauded by Mr. Williams, several private investigators who authored reports about Mr. Williams' fraudulent activities, and other important witnesses – *almost all of whom are located in California*. This further supports transferring this case to California, where the crimes allegedly occurred, and where important impeachment witnesses are located.

Another meritless argument advanced by the Government in opposition to transfer is that even if trying the case in this district causes Mr. Brown to incur additional expense, transferring the case would cause the Government additional expenses, and Mr. Brown "does not claim he cannot pay his defense costs and other expenses." (Gvmt Opp. Brf. at 18). On the contrary, if the Court finds it helpful to resolve the pending motion to transfer, the defense is prepared to make an *ex parte* submission to the Court on the financial hardships being suffered by Mr. Brown as a result of the costs associated with defending this case in New York, including the expense of frequent cross-country trips to meet with his defense attorneys and prepare for trial. *See* the accompanying Mack Reply Affirmation in Further Support of Motion to Dismiss for Lack of Venue or, Alternatively to Transfer. Moreover, the Government is in a far better position to incur these costs than Mr. Brown, Victims 2 through 9, representatives of the California Entertainment Agency and the overwhelming number of witnesses expected to testify in this case.

As set forth in the Moving Brief, the factors set forth in *Platt v. Minnesota Mining and Mfg. Co.*, 376 U.S. 240 (1964), weigh heavily in favor of trying this case in Southern California. (Moving Brief at 13-18). Accordingly, the case should be transferred.

## CONCLUSION

For the foregoing reasons, the alleged crimes do not have "substantial contacts" within this District and should be dismissed for lack of venue. If the Court denies the Motion, defendant requests that the Court order the production of a Bill of Particulars setting forth the basis for venue for each of the five counts and that the defendant's venue objections be preserved for a possible Fed.R.Crim.P. 29 motion following trial. In the alternative, defendant requests that the case be transferred to California in the interests of justice.

Dated: New York, New York
       February 23, 2018

Respectfully submitted,

DOAR RIECK KALEY & MACK

/s/

Walter Mack
David Rivera
Michael Minnefor
217 Broadway, Suite 707
New York, New York 10007
Tel: 212-619-3730
Fax: 212-962-5037
*Attorneys for Defendant Steven Brown*