UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,  :

        v.  :

STEVEN BROWN,  :

        Defendant.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORAL ARGUMENT REQUESTED**

16 Cr. 436 (KMW)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS ONE, TWO AND FIVE OF THE SUPERSEDING INDICTMENT TO THE EXTENT THE CHARGES RELY ON CONDUCT OUTSIDE THE FIVE-YEAR STATUTE OF LIMITATIONS PERIOD, AND TO STRIKE PARAGRAPHS 4 THROUGH 10

DOAR RIECK KALEY & MACK
Walter Mack
David Rivera
Michael Minnefor
217 Broadway, Suite 707
New York, New York 10007
Tel: 212-619-3730
Fax: 212-962-5037
*Attorneys for Defendant Steven Brown*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.      COUNT TWO, WHICH CHARGES THE DEFENDANT
            WITH SUBSTANTIVE WIRE FRAUD BASED ON
            TRANSACTIONS IN 2009 AND 2010, IS BARRED
            BY THE FIVE-YEAR STATUTE OF LIMITATIONS  . . . . . . . . . . . . . . . . . . . . 1

      II.     WITH RESPECT TO THE CONSPIRACY COUNTS,
            THE ALLEGATIONS PERTAINING TO VICTIM-1 ARE
            TIME-BARRED SINCE THE CONSPIRACY ENDED IN 2011 . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**CASES**

*Nisenzon v. Morgan Stanley, DW, Inc.*,
   2007 WL 172378 (E.D. Pa. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 fn.

*Smith v. United States*,
   568 U.S. 106, 111 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Toussie v. United States*,
   397 U.S. 112 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 6 fn.

*United States v. Abrams*,
   539 F. Supp. 378 (S.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4 fn.

*United States v. Berger*,
   22 F. Supp.2d 145 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Davis*,
   2017 WL 33228240 (S.D.N.Y. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Dunne*,
   324 F.3d 1158 (10th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Hoey*,
   2016 WL 270871 (S.D.N.Y. Jan. 21, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 fn.

*United States v. Howard*,
   350 F.3d 125 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Jaynes*,
   75 F.3d 1493 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Kim*,
   246 F.3d 186 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. King*,
   2000 WL 35026 (W.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Kogan*,
   2017 WL 6547743 (S.D.N.Y. Dec 21, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . 6 fn.

*United States v. Kubitshuk*,
    2017 WL 3531553 (S.D.N.Y. Aug. 17, 2017) .................................. 5, 5 fn.

*United States v. Margiotta*,
    646 F.2d 729 (2d Cir. 1981) ............................................. 6 fn.

*United States v. Musto*,
    2012 WL 5879609 (M.D. Pa. 2012) ........................................ 3

*United States v. Reitmeyer*,
    356 F.3d 1313 (10th Cir. 2004) ........................................ 2, 3, 5

*United States v. Rivlin*,
    2007 WL 4276712 (S.D.N.Y. 2007) ............................ 2 fn., 3, 5, 5 fn.

*United States v. Rutigliano*,
    790 F.3d 389 (2d Cir. 2015) ............................................ 5, 6 fn.

*United States v. Sampson*,
    122 F. Supp.3d 11 (E.D.N.Y. 2015) ...................................... 3

*United States v. Silkowski*,
    32 F.3d 682 (2d Cir. 1994) ............................................. 3

*United States v. Tutino*,
    883 F.2d 1125 (2d Cir. 1989) ........................................... 6 fn.

*United States v. Upton*,
    856 F. Supp. 727 (E.D.N.Y. 1994) ....................................... 6 fn.

*United States v. Wey*,
    2017 WL 237651 (S.D.N.Y. Jan. 18, 2017) ................................ 6 fn.

*United States v. Yashar*,
    166 F.3d 873 (7th Cir. 1999) ................................. 3, 4, 5, 5 fn., 6

## **AUTHORITIES**

18 U.S.C. § 666 .............................................................. 3

18 U.S.C. § 3237(a) .......................................................... 6

18 U.S.C. § 3282(a) .......................................................... 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | 16 Cr. 436 (KMW) |
| v. | : | |
| | | |
| STEVEN BROWN, | : | |
| | | |
| Defendant. | : | |

---------------------- --------- x

## PRELIMINARY STATEMENT

This reply memorandum is submitted in further support of Mr. Brown's motion to dismiss Counts One, Two and Five of the Superseding Indictment to the extent the charges rely on conduct outside the five-year statute of limitations and to strike Paragraphs 4 through 10.

## ARGUMENT

### I.

### COUNT TWO, WHICH CHARGES THE DEFENDANT WITH SUBSTANTIVE WIRE FRAUD BASED ON TRANSACTIONS IN 2009 AND 2010, IS BARRED BY THE FIVE-YEAR STATUTE OF LIMITATIONS

The government agrees that the applicable statute of limitations for Counts One, Two and Five is five years as set forth in 18 U.S.C. § 3282(a). *See*, SOL Opp. Brf.[1] at 6. The government argues, however, that the Superseding Indictment properly charges Mr. Brown with substantive wire fraud violations in his dealings with Victim-1 because it was part of a course of conduct involving Victims 1 *through* 8 that stretched over the course of several years. (SOL Opp. Brf. at 9-10).

---

[1] References to SOL Opp. Brf. are to Government's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Counts One, Two and Five to the Extent the Charges Rely on Conduct Outside the Statute of Limitations and to Strike Paragraphs 4 Through 10.

The government's argument disregards the Supreme Court's admonitions that criminal statutes of limitations "are to be liberally interpreted in favor of repose." *Toussie v. United States*, 397 U.S. 112, 114 (1970) (citations omitted). Indeed, statutes of limitations are intended "to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." *Id.* at 114. Thus, statutes of limitations protect people from "having to defend themselves against charges when the facts may have become obscured by the passage of time." *Id.* They also "minimize the danger of official punishment because of acts in the far-distant past" and "encourag[e] law enforcement officials promptly to investigate suspected criminal activity." *Id.* at 114-115. The offense is deemed committed when it is completed, that is, when each element of that offense has occurred. *Id.* at 115. The Supreme Court recognized an exception for "continuing offenses,"[2] defining an offense as "continuing" when:

> (a) "the explicit language of the substantive criminal statute compels such a conclusion" or (b) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."

*Id.* at 115. While noting this exception, the Supreme Court warned that the continuing offense doctrine "should be applied only in limited circumstances" and continuing offenses "are not to be too readily found." *Id.* at 116.

If a crime is discrete, it is less likely Congress "assuredly intended" the crime to be a continuing offense. *United States v. Reitmeyer*, 356 F.3d 1313, 1322 (10th Cir. 2004) (applying *Toussie* analysis and holding that execution of "a scheme to defraud" under the Major Fraud Act

---

[2] "Traditional examples" of continuing offenses include "conspiracy, escape, kidnapping, and crimes of possession." *United States v. Rivlin*, 2007 WL 4276712 at *2 (S.D.N.Y. 2007) (citations omitted).

was not a "continuing offense" for statute of limitations purposes); *United States v. Yashar*, 166 F.3d 873, 877, 879-880 (7th Cir. 1999) ("for offenses that are not continuing offenses under *Toussie*, the offense is committed and the limitations period begins to run once all elements of the offense are established"); *United States v. Sampson*, 122 F. Supp.3d 11 (E.D.N.Y. 2015) (dismissing time-barred embezzlement claims under 18 U.S.C § 666 since charges were not a "continuing offense" under *Toussie); United States v. Musto*, 2012 WL 5879609 at *3 (M.D. Pa. 2012) (same).

"The term 'continuing offense' is a term of art that is *not* the same as a scheme or pattern of illegal conduct." *Reitmeyer, supra*, 356 F.3d at 1321 (emphasis added). Separate offenses may be part of a common scheme without being "continuing" for limitations purposes. *Id., citing United States v. Jaynes*, 75 F.3d 1493, 1506 (10th Cir. 1996); *Rivlin, supra*, 2007 WL 4276712 at *2 (noting the distinction between conduct that is deemed a "continuing offense" under *Toussie* and conduct that constitutes a continuing course of criminal activity, but which is not deemed 'continuing for limitations purposes"); *Yashar, supra*, 166 F.3d at 879-880 ("the limitation period begins to run once all the elements of the offense are established, *regardless of whether the defendant continues to engage in criminal behavior*") (emphasis added); *see also, United States v. Silkowski*, 32 F.3d 682, 689-90 (2d Cir. 1994) (distinguishing continuing course of conduct from "continuing offense"; in defining the "offense" for restitution purposes, the Second Circuit held the statute of limitations confined the offense to conduct within the last five years

because it was not a "continuing offense," even though it was a continuing course of conduct, namely, fraudulent receipt of social security checks over a 9-year period).[3]

A substantive wire fraud violation is a discrete offense and not a "continuing offense" as contemplated by *Toussie*. The essential elements of wire fraud are "(1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." *United States v. Davis*, 2017 WL 33228240 at *8 (S.D.N.Y. 2017). Most importantly, the five-year limitation period in wire fraud cases begins to run from the date of the alleged mailing or interstate transfer. *United States v. King*, 2000 WL 362026 at *6 (W.D.N.Y. 2000); *United States v. Berger*, 22 F. Supp.2d 145, 153 (S.D.N.Y. 1998); *see also United States v. Howard*, 350 F.3d 125, 128 (D.C.Cir. 2003) ("In applying the statute of limitations to mail and wire fraud *the circuits appear uniformly to focus on the actual mailing and use of the wires . . . [N]o court has in any way suggested that the statute of limitations would be satisfied as long as any one element of the offense, e.g., part of the scheme, fell within the period*") (emphasis added); *see also Toussie, supra*, 397 U.S. at 123 (The statute of limitations begins to run when the crime is completed, and a crime is completed when each element of the offense has occurred).

---

[3] The government relies on *United States v. Abrams*, 539 F. Supp. 378, 383-84 (S.D.N.Y. 1982), where the court refused to dismiss a wire fraud count based on the fact certain phone calls were made more than five years before the filing of the indictment. It is important to note that in *Abrams*, there were 15 counts of wire fraud charged (539 F. Supp. at 381) and "the fifteen phone calls alleged to have been made in furtherance of that scheme to defraud *are all within the limitations period*" even if the indictment also referenced earlier calls. (539 F. Supp. at 383-384) (emphasis added). In contrast, here Mr. Brown is being *charged* with substantive wire fraud violations prior to the limitations period.

Simply put, the government cannot extend the statute of limitations for substantive wire fraud by characterizing it as part of a "single continuing scheme" or course of conduct over several years, as it argues. (SOL Opp. Brf. at 9). In *Yashar, supra*, the Seventh Circuit rejected this exact argument:

> Under the government's position, a prosecutorial decision regarding the scope of the charge would determine the statute of limitations period. In that manner, the statute of limitations, designed as a control on government action, would instead be defined by it. Virtually any criminal actions that extend over time could fall within this expansive definition depending on how a prosecutor chose to charge a case. A prosecutor has a great deal of discretion in deciding whether to charge a course of conduct as a single offense or as multiple offenses. Under the government's argument, that charging decision could delay the running of the limitations period on the discrete offenses . . . With this approach, the limitations period would be virtually unbounded.

*Yashar, supra*, 166 F.3d at 878-879 (citations omitted).[4]

Indeed, the determinative factor is not the subsequent conduct of the defendant but "whether the statute describes an offense that by its nature continues after the elements have been met." *Rivlin, supra*, 2007 WL 4276712 at *3; *United States v. Kubitshuk*, 2017 WL 3531553 at *2 (S.D.N.Y. Aug. 17, 2017) ("It is not the active or passive nature of defendant's actions that matters, but whether the statute describes an offense that by its nature continues after the elements have been met") (citations omitted). A substantive wire fraud violation does not by its nature continue after its elements have been met.

The government relies on *United States v. Rutigliano*, 790 F.3d 389, 396 (2d Cir. 2015) and *United States v. Kim*, 246 F.3d 186, 191 (2d Cir. 2001), for the general proposition that wire

---

[4] The Seventh Circuit's *Yashar* decision has been cited with approval by courts in this district. *See e.g., United States v. Kubitshuk*, 2017 WL 3531553 at *2 (S.D.N.Y. Aug. 17, 2017); *United States v. Hoey*, 2016 WL 270871 at *11 (S.D.N.Y. Jan. 21, 2016); *Rivlin, supra*, 2007 WL 4276712 at *2.

fraud is a continuing offense, but fails to note that in both cases the Second Circuit was examining whether wire fraud was a continuing offense *for venue purposes*. As noted by other courts, the analysis is quite different for statute of limitations purposes. In *Reitmeyer, supra*, the court explained this important distinction:

> The government points to cases in other circuits holding violations of the wire fraud. . . and mail fraud statutes are continuing for venue purposes. We are not persuaded for two reasons. First, Congress specifically stated "any offense involving the use of the mails is . . . a continuing offense for venue purposes." 18 U.S.C. § 3237(a). Second and *more importantly, the "continuing offense" analysis for venue purposes is "obviously different" from the continuing offense" analysis for statute of limitations. None of the cases cited by the government apply the Toussie analysis.* Instead consistent with the general venue statute, these cases focus on geographic factors, *i.e.*, whether the defendant began, continued or completed the offense in more than one geographic location. An offense may continue, or end in different locations without qualifying as a "continuing offense" for statute of limitations purposes." See e.g. *United States v. Dunne*, 324 F.3d 1158, 1166 (10th Cir. 2003) (concluding a violation of the Securities Exchange Act is not a "continuing offense" for statute of limitations purposes even though it may be continuing for venue purposes).

*Id.* at 1323-1324 (citations omitted) (emphasis added).[5]

By framing Count Two to include eight victims, the government hopes to get eight bites at the apple. More concerning, however, is that one of those bites pertains to time-barred claims. In fact, if the defendant prevails and the jury finds him not guilty of wire fraud (Count Two) with respect to Victims 2 through 8, the jury can conceivably still return a guilty verdict based *solely*

---

[5] The SOL Opp. Brf. cites *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989), *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981), *United States v. Wey*, 2017 WL 237651 (S.D.N.Y. Jan. 18, 2017); and *United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994) but these cases are inapposite since they do not involve any statute of limitations challenges. While *United States v. Kogan*, 2017 WL 6547743 (S.D.N.Y. Dec 21, 2017), does address, in a single sentence, whether a scheme to violate the healthcare statute is a continuing violation for statute of limitations purposes, it does so without any analysis under *Toussie* and in reliance on *Rutigliano, supra*, which, as noted above, determined whether a violation was continuing *for venue purposes*, not for statute of limitations purposes.

on the stale 2009-2010 wire fraud charges with respect to Victim 1. This is improper and impermissible. It would allow the government to evade the statute of limitations in every case simply by framing the charge as part of a continuing course of conduct or scheme. *Yashar, supra*, 166 F.3d at 877 (finding "little support in other circuits for the proposition that if the government charges a course of conduct as one offense, that offense is not 'committed' until the entire course of conduct is committed").[6]

As set forth in the Superseding Indictment, the transmission of information and the deposit of funds with respect to Victim-1 all occurred in 2009 and 2010. (Superseding Indictment ¶¶ 4-10). Accordingly, Mr. Brown cannot be found guilty of the substantive crime of wire fraud with respect to Victim-1 (Count Two) without violating the five-year statute of limitations, and Count Two should therefore be dismissed to the extent it violates the statute of limitations.

## II.

### WITH RESPECT TO THE CONSPIRACY COUNTS, THE ALLEGATIONS PERTAINING TO VICTIM-1 ARE TIME-BARRED SINCE THE CONSPIRACY ENDED IN 2011

The government argues that the conspiracy charges set forth in Counts One (conspiracy to commit wire fraud) and Count Five (conspiracy to commit money laundering) are not time-barred because the interactions between Victim-1 and Mr. Brown are part of a single conspiracy that continued through 2016. (SOL Opp. Brf. at 6). In fact, as set forth in the defense's moving papers, that conspiracy ended with the Settlement and Transfer Agreement entered into between the parties in June 2011.

---

[6] *See Nisenzon v. Morgan Stanley, DW, Inc.*, 2007 WL 172378 at *4 (E.D. Pa. 2007) (noting in *dictum* that the Third Circuit has not considered whether mail and wire fraud are continuing offenses for statute of limitations purposes).

Moreover, the interactions with Victim-1 are completely distinct from any other alleged conduct in the Superseding Indictment as Mr. Brown was the producers of Film-2, developed and owned the script, and was active in casting and on the set. He was also responsible for replacing the director of the film and other personnel matters, unlike any other film project identified in the Superseding Indictment. There was also a final Settlement and Transfer Agreement resolving all disputes with Victim-1 and transferring movie rights to him. (*See* accompanying Mack Reply Affirmation in Further Support of Motion to Dismiss counts Two and Five Based on Statute of Limitations).

While the government argues that conspiratorial conduct occurred as to Victims 2 through 8 in subsequent years, the initiation of another conspiracy involving those other purported victims does not serve to recapture the earlier interactions with Victim-1, which had been resolved and are beyond the applicable 5-year statute of limitations. It is well-settled that "withdrawal from a conspiracy starts the clock running on the time within which the defendant may be prosecuted and provides a complete defense when the withdrawal occurs beyond the applicable statute-of-limitations period." *Smith v. United States*, 568 U.S. 106, 111 (2013). As part of the Settlement and Transfer Agreement, the disputes between the parties were resolved and all rights to the film in question were transferred to Victim-1. (*See* Affirmation of Walter Mack, dated January 29, 2018, Exhibit A at 1-2). To the extent there was any conspiracy between Mr. Brown and others with respect to his interactions with Victim-1, that conspiracy came to an unequivocal end through the affirmative act of entering into a settlement agreement and conveying to Victim-1 all film rights, an act inconsistent with the purported goals of the conspiracy. The "clock thus started ticking" as to the conspiratorial conduct relating to Victim-1

in June 2011, and the statute of limitations thus expired on June 2016. Indeed, no other conspiratorial conduct is even alleged in the Superseding Indictment to have taken place until March of 2012 – a gap in time reflective of the fact that Mr. Brown and Mr. Williams were involved in other, separate projects and business activities during this interim period. Any "conspiracy" with respect to Victim-1 had ended in mid-2011 at the latest, with the Settlement and Transfer Agreement.

To the extent the government is alleging a subsequent conspiracy to defraud Victims 2 through 8, the defense is not challenging the timeliness of those claims, but will address them on their merits at trial. But Mr. Brown should not be charged with defending purported conspiratorial interactions dating back nine years with the passage of time and the fading of memories serving as obstacles to his defense.

## CONCLUSION

For the foregoing reasons and those set forth in the moving briefs, Counts One, Two and Five should be dismissed to the extent they rely on Paragraphs 4 through 10 to charge Mr. Brown with crimes against Victim-1. Furthermore, those paragraphs should be stricken[7] from the Superseding Indictment on the grounds they are highly prejudicial to Mr. Brown and confusing to the jury.

---

[7] The government reserves its rights to brief the issue of whether Paragraphs 4 through 10 should be stricken in the event the Court grants the motion to dismiss the Victim-1-related allegations, but it argues that the conduct with respect to Victim-1 is similar in nature to the other victims. (SOL Opp. Brf. at 11, n. 4). In fact, the circumstances relating to Victim-1 are markedly different and distinct from any other alleged conspiratorial conduct in the Superseding Indictment. *See* Mack Reply Affirmation in Further Support of Dismissal of Counts One, Two and Five to the Extent the Charges Rely on Conduct Outside the Statute of Limitations.

Dated: New York, New York
       February 23, 2018

                                        Respectfully submitted,

                                        DOAR RIECK KALEY & MACK

                                        By:     /s/
                                        Walter Mack
                                        David Rivera
                                        Michael Minnefor
                                        217 Broadway, Suite 707
                                        New York, New York 10007•2911
                                        Tel: 212-619-3730
                                        Fax: 212-962-5037
                                        *Attorneys for Defendant Steven Brown*