

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 6, 2018

**BY ECF and BY E-MAIL**
The Honorable Kimba M. Wood
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: **United States** v. **Steven Brown**, S6 16 Cr. 436 (KMW)

Dear Judge Wood:

  As this Court is aware, the defendant has moved, *inter alia*, to dismiss the portions of Counts One, Two, and Five of the Superseding Indictment on statute of limitations grounds.[1] On March 5, 2018, the Court issued an order directing the parties to submit additional briefing addressing whether wire fraud is a continuing offense for statute of limitations purposes under *Toussie v. United States*, 397 U.S. 112 (1970) and whether any court in this Circuit has ruled on the issue. As set forth in further detail below, wire fraud is a continuing offense for statute of limitations purposes, and the defendant's motion to dismiss the wire fraud charged in the above-captioned indictment should be dismissed.

  Wire fraud is a continuing offense for statute of limitations purposes. In *United States v. Hoey*, No. 15 Cr. 229 (PAE), Judge Engelmayer issued a ruling from the bench addressing precisely the question posed by the Court in its March 5, 2018 order.[2] In *Hoey*, the defendant was alleged to have embezzled money from a pension plan and, based on those allegations, was charged with, among other things, a wire fraud offense that began in 2009 and ended in 2012. *United States v. Hoey*, No. 15 Cr. 229 (PAE), Indictment (S.D.N.Y. April 13, 2015) (Dkt. No. 1). The defendant moved *in limine* to exclude testimony regarding the acts that occurred in 2009, which he contended were barred by the statute of limitations. *See* Exhibit A at 8-9. In denying the defendant's motion, Judge Engelmayer noted that, with regard to the count "charging wire fraud, the 2009 embezzlement falls within the scope of the crime charges as part of a 'continuing offense.'" *Id.* at 9. Judge Engelmayer continued:

---

[1] Count One charges Brown with conspiring to commit wire fraud, between in or about 2009 and in or about 2016. Count Two charges Brown with participating in a wire fraud scheme between in or about 2009 and in or about 2016. Count Five charges Brown with conspiring to commit money laundering, from at least in or about 2009 until in or about 2016.

[2] A copy of the relevant portions of the transcript of the March 1, 2016 proceeding at which Judge Engelmayer issued this ruling is attached to this letter as Exhibit A.

> As the Supreme Court explained in *Toussie v. United States*, 397 U.S. 112 at 115 (1970), an offense is continuing for statute of limitations purposes only where "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." As to such offenses, conduct which would otherwise be outside the limitations period may be charged, and may serve as the basis for a finding of guilt, when the offense began outside the limitations period but continued into it. Under the case law, wire fraud qualifies as a crime that, under the statute, can constitute a continuing offense. *See, e.g., United States v. Abrams*, 539 F. Supp. 378, at 383 to 384 (S.D.N.Y. 1982).

Ex. A at 9-10. Judge Engelmayer noted that the wire fraud charge at issue in *Hoey* was of the same "continuing offense" character as that envisioned in *Toussie* insofar as the indictment alleged an ongoing scheme to defraud, involving multiple instances of misappropriation—some outside the limitations period and some within it. *Id.* at 10. The court further noted that earlier "2009 conduct was of a similar character to the 2010 and 2012 conduct, so as to supply a clear factual basis on which the government may argue that there was a single, integrated continuing wire fraud scheme dating back to 2009." *Id.* at 11.

Judge Engelmayer's ruling that wire fraud is a "continuing offense" for statute of limitations purposes is consistent with the holdings of other courts in this Circuit, finding that offenses involving the carrying out of a scheme to defraud are continuing offenses. *See United States v. Abrams*, 539 F. Supp. 378, 383-84 (S.D.N.Y. 1982) (denying a motion to dismiss wire fraud counts on statute of limitations grounds because the mere "fact that a scheme may extend back beyond the limitation period does not outlaw an offense committed in furtherance of that scheme within the period" and, in that case, the allegations included that the defendant made several telephone calls in furtherance of the wire fraud within the limitation period and "committed other acts in furtherance more than five years prior to the filing of the indictment."); *see also United States v. Kogan,* No. 16 Cr. 221 (RWS), 2017 WL 6547743, at *6 (S.D.N.Y. Dec. 21, 2017) (denying a motion to dismiss conspiracy to commit healthcare fraud and substantive healthcare fraud charges—which employ the same "scheme or artifice" language as the wire fraud statute—on statute of limitations grounds because those "are continuing offenses, such that any one act committed in the course of a conspiracy within the statute of limitations brings the whole conspiracy into the limitations period").[3]

---

[3] The Court's March 5, 2018 order directed the parties to brief, specifically, the question of whether wire fraud, which is charged in Count Two of the Superseding Indictment, is a "continuing offense." As this Court is aware, the defendant is also seeking to dismiss based on statute of limitations ground certain allegations underlying Count One, which charges conspiracy to commit wire fraud, and Count Five, which charges Conspiracy to Commit Money Laundering. As set forth in the Government's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss, Counts One and Five each charge a single, ongoing conspiracy, in which the last overt act occurred well within the statute of limitations. *See* (Govt. Br. at 6-9). Moreover, "[i]t is well settled that a conspiracy charge is timely filed if only one of a number of overt acts occurred within

    Here, as set forth more fully in the Government's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss, the scheme to defraud Victims 1 through 8 alleged in Count Two of the Superseding Indictment is a single continuing wire fraud scheme.  As in *Hoey*, the defendant and other participants executed this fraudulent scheme by using the same methods in order to achieve the same ultimate goal of soliciting funds from the same type of victims—independent film investors—based on the same types of false representations; thus, the allegations proffered in support of Count Two "supply a clear factual basis" to suggest that "there was a single, integrated continuing wire fraud scheme" in this case. *See* Ex. A at 11.  That the conduct constituted one overarching wire fraud scheme is further demonstrated by the fact that the defendant and other scheme participants used funds that had been invested by earlier investors to repay other, later investors, without the authorization of these earlier investors. (*See* Indictment ¶ 44), and the fact that the scheme to defraud certain of the victims related to the same underlying purported film projects (Indictment ¶ 17-25; 47-49) (describing that Victims-2, 7, and 8 each were defrauded in connection with investments relating to Film-4).

    Because this scheme continued up to and including in or about 2016, a period well within the five-year statute of limitations, the defendant's challenge to the substantive wire fraud charge should be rejected.

                                    Very truly yours,

                                    GEOFFREY S. BERMAN
                                  United States Attorney

By:     /s/
           Katherine Reilly
           Noah Solowiejczyk
           Ryan Finkel
           Assistant United States Attorneys
           (212) 637-6521/2473/6612

cc:    Walter Mack, Esq. (by ECF and by e-mail)

---

five years of the indictment; inherent in that rule is the government's ability to plead and prove earlier overt acts." *United States v. Saneaux*, 365 F. Supp. 2d 493, 505 (S.D.N.Y. 2005); *see also United States v. Abakporo*, 959 F. Supp. 2d 382, 390 (S.D.N.Y. 2013); *United States v. Mermelstein*, 487 F. Supp. 2d 242, 256 (E.D.N.Y. 2007) (citing *United States v. Fletcher*, 928 F.2d 495, 498 (2d Cir. 1991)).