I45QBROp

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
   UNITED STATES OF AMERICA
3
               v.                        16 CR 436 (KMW) (HBP)
4                                        Plea
   STEVEN BROWN
5
               Defendant
6  ------------------------------x

7                                        New York, N.Y.
                                         April 5, 2018
8                                        2:30 p.m.

9
   Before:
10
                         HON. HENRY B. PITMAN
11                                       Magistrate Judge

12
                         APPEARANCES
13
   GEOFFREY S. BERMAN
14      Interim United States Attorney for the
        Southern District of New York
15 KATHERINE REILLY
   NOAH SOLOWIEJCZYK
16 RYAN FINKEL
        Assistant United States Attorney
17
   DOAR RIECK KALEY & MACK
18      Attorneys for Defendant
   WALTER MACK
19 DAVID RIVERA
   MICHAEL MINNEFOR
20

21 -Also Present-

22 Christopher Carusone, Defense Paralegal Specialist

23

24

25

1          (Case called)

2          MS. REILLY:  Good afternoon, your Honor.

3          Katherine Reilly, Noah Solowiejczyk and Ryan Finkel

4     for the government.

5          MR. MACK:  Good afternoon, your Honor.

6          Walter Mack, David Rivera, Michael Minnefor and

7     paralegal, Christopher Carusone, for defendant, Steven Brown,

8     who is sitting to my right.

9          THE COURT:  Good afternoon all.

10          MR. MACK:  Good afternoon, your Honor.

11          THE COURT:  I just wanted this on the record.

12     Mr. Mack and I overlapped in the U.S. Attorney's Office many,

13     many years ago.  I haven't socialized with him.  I don't

14     socialize with him.  I don't think there's any conflict given

15     the nature of the proceeding this afternoon, but I just want to

16     put that on the record.  OK?

17          I understand there is an application on behalf of

18     Mr. Brown.

19          MR. MACK:  Yes, there is, your Honor, and that is to

20     withdraw his previously entered plea of not guilty to the

21     superseding indictment that's been filed against him, and to

22     withdraw and intend to plead guilty to a superseding

23     information that the government has prepared.

24          THE COURT:  OK.  The first order of business then will

25     be for Mr. Cancellaraich to conduct the waiver of indictment

I45QBROp

1    allocution.

2              Mr. Cancellaraich.

3              DEPUTY CLERK:  You are Steven Brown?

4              THE DEFENDANT:  Yes, sir.

5              DEPUTY CLERK:  Have you signed this waiver of

6    indictment?

7              THE DEFENDANT:  Yes, sir.

8              DEPUTY CLERK:  Before you signed it, did you discuss

9    it with your attorney?

10             THE DEFENDANT:  Yes, sir.

11             DEPUTY CLERK:  Did your attorney explain it to you?

12             THE DEFENDANT:  Yes, sir.

13             DEPUTY CLERK:  Do you understand what you are doing?

14             THE DEFENDANT:  Yes, sir.

15             DEPUTY CLERK:  Do you understand that you are under no

16   obligation to waive indictment?

17             THE DEFENDANT:  Yes, sir.

18             DEPUTY CLERK:  Do you understand if you do not waive

19   indictment and the government wants to prosecute you, they

20   would have to present this case to a grand jury, which may or

21   may not indict you?

22             THE DEFENDANT:  Yes, sir.

23             DEPUTY CLERK:  Do you understand that by signing this

24   waiver of indictment, you've given up your right to have this

25   case presented to a grand jury?

I45QBROp

1              THE DEFENDANT:  Yes, I understand.

2              DEPUTY CLERK:  Do you understand what a grand jury is?

3              THE DEFENDANT:  Yes, sir.

4              DEPUTY CLERK:  Have you seen a copy of the

5     information?

6              THE DEFENDANT:  Yes, sir.

7              DEPUTY CLERK:  Do you waive its public reading?

8              THE DEFENDANT:  What did he say?

9              MR. MACK:  Waive the public reading.

10             DEPUTY CLERK:  Do you waive its public reading?

11             THE DEFENDANT:  Yes, sir.

12             DEPUTY CLERK:  Thank you.

13             THE COURT:  I am next going to ask Mr. Cancellaraich

14    to place two documents before Mr. Brown.  There is a one-page

15    document entitled Consent to Proceed Before an United States

16    Magistrate Judge on a Felony Plea Allocution, and a second

17    document in the form of a letter that I'll ask him to mark as

18    Court Exhibit 1.

19             Mr. Brown, two documents have been placed before you.

20    You can remain seated, it's OK.

21             Two documents have been placed before you.  I first

22    want to discuss with you the one-page document entitled Consent

23    to Proceed Before a United States Magistrate Judge on a Felony

24    Plea Allocution.  Do you see that one-page document, sir?

25             THE DEFENDANT:  Yes, sir.

I45QBROp

1          THE COURT:  Does your signature appear on the bottom

2  of it?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Did you read it before you signed it?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Did you discuss it with your attorney

7  before you signed it?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you understand that you have the right

10  to have your plea taken by a District Court Judge instead of a

11  Magistrate Judge.  Do you understand you have that right?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Do you understand that by signing that

14  piece of paper, you're giving up your right to have your plea

15  taken by a district judge and consenting to having it taken by

16  a magistrate judge.  Do you understand that's the effect of

17  your signature on that piece of paper?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Has anyone made any promises to you or has

20  anyone made any threats to you or has anyone used any force

21  against you to induce you to consent to proceed before a

22  magistrate judge?

23          THE DEFENDANT:  No.

24          THE COURT:  OK.

25          THE DEFENDANT:  No, sir.

I45QBROp

| | |
|---|---|
| 1 | THE COURT:  OK.  There's a second document before you |
| 2 | in the form of a letter marked Court Exhibit 1.  Do you see |
| 3 | Court Exhibit 1? |
| 4 | THE DEFENDANT:  Yes, sir. |
| 5 | THE COURT:  Does your signature appear on the last |
| 6 | page of Court Exhibit 1? |
| 7 | THE DEFENDANT:  Yes, sir. |
| 8 | THE COURT:  Did you read Court Exhibit 1 before you |
| 9 | signed it? |
| 10 | THE DEFENDANT:  Yes, sir. |
| 11 | THE COURT:  And did you discuss it with your attorney |
| 12 | before you signed it? |
| 13 | THE DEFENDANT:  Yes, sir. |
| 14 | THE COURT:  And is that an agreement with the |
| 15 | government concerning your plea? |
| 16 | THE DEFENDANT:  What did he say? |
| 17 | THE COURT:  Is Court Exhibit 1 an agreement with the |
| 18 | government concerning your plea? |
| 19 | THE DEFENDANT:  Yes, sir. |
| 20 | THE COURT:  OK.  Thank you. |
| 21 | Would you please place Mr. Brown under oath. |
| 22 | DEPUTY CLERK:  State your name for the record, please. |
| 23 | THE DEFENDANT:  Steven Brown. |
| 24 | (Defendant sworn) |
| 25 | DEPUTY CLERK:  Thank you. |

I45QBROp

| | |
|---|---|
| 1 | THE COURT:  You can be seated, Mr. Brown. |
| 2 | Mr. Brown, you've now been placed under oath.  If you |
| 3 | make a false statement during these proceedings, you can be |
| 4 | prosecuted for perjury.  Do you understand that? |
| 5 | THE DEFENDANT:  Yes, sir. |
| 6 | THE COURT:  Mr. Brown, the law requires that I ask you |
| 7 | a number of questions to ensure that your plea is knowing and |
| 8 | voluntary in all respects, to ensure that you understand what |
| 9 | you're doing here this afternoon, and to ensure that you |
| 10 | understand the consequences of what you're doing. |
| 11 | If you don't understand any question that I ask you, |
| 12 | tell me that you don't understand the question, and I'll either |
| 13 | try to clarify the question or give you a chance to speak |
| 14 | privately with your attorney so that you understand exactly |
| 15 | what's being asked of you. |
| 16 | In addition, if at any time during these proceedings |
| 17 | you want to speak with your attorney for any reason whatsoever, |
| 18 | just tell me that you want to speak with your attorney, and |
| 19 | I'll give you a chance to speak with him privately.  Do you |
| 20 | understand that? |
| 21 | THE DEFENDANT:  Yes, sir. |
| 22 | THE COURT:  OK.  Just one preliminary matter.  The |
| 23 | government has provided me with a statement of the elements of |
| 24 | the offense.  My understanding is that for 1349, an overt act |
| 25 | is not a required element under the strength of the Second |

I45QBROp

```
 1    Circuit's decision in United States v. Roy from 2015.  Does

 2    counsel have a different view?

 3              MS. REILLY:  No, your Honor.  That's correct's, and

 4    it's our error.

 5              THE COURT:  Mr. Mack.

 6              MR. MACK:  No, your Honor.  I think I actually

 7    mentioned that subject at an earlier time.

 8              THE COURT:  Fine.

 9              Mr. Brown, please state your full name.

10              THE DEFENDANT:  Steven James Brown.

11              THE COURT:  How old are you, sir?

12              THE DEFENDANT:  48.

13              THE COURT:  How far did you get in school?

14              THE DEFENDANT:  College graduate.

15              THE COURT:  Have you recently been treated for any

16    type of mental illness?

17              THE DEFENDANT:  Mental?  No.

18              THE COURT:  Mr. Brown, the law requires that I

19    establish a factual basis concerning your competency to plead

20    guilty.  That's what some of these introductory questions are

21    aimed at, OK?

22              THE DEFENDANT:  OK.

23              THE COURT:  Have you recently been treated for drug

24    addiction?

25              THE DEFENDANT:  No.
```

I45QBROp

1          THE COURT:  Have you recently been treated for

2     alcoholism?

3          THE DEFENDANT:  No.

4          THE COURT:  Have you had any beer, wine or liquor

5     within the last 24 hours?

6          THE DEFENDANT:  No.

7          THE COURT:  Let me ask that question again.  I'm not

8     sure if the reporter heard you.

9          Have you had any beer, wine or liquor within the last

10    24 hours?

11         THE DEFENDANT:  No, your Honor.

12         THE COURT:  Have you taken any kind of drugs or

13    medication, legal or illegal, within the last two days?

14         THE DEFENDANT:  Yes, your Honor.  I'm on a series of

15    prescription medicine.

16         THE COURT:  OK.  And what kind of conditions are those

17    medications for?

18         THE DEFENDANT:  Chronic asthma affecting my

19    respiratory and breathing system and problems.

20         THE COURT:  OK.  Is there anything about those

21    medications that affects your ability to think or to

22    understand?

23         THE DEFENDANT:  No.

24         THE COURT:  Is there anything about those -- do those

25    medications make you drowsy?

I45QBROp

1              THE DEFENDANT:  No.

2              THE COURT:  OK.  Apart from asthma, are you currently

3      seeing a doctor?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Or healthcare provider for any other

6      conditions?

7              THE DEFENDANT:  Yes.

8              THE COURT:  What other conditions are you seeing a

9      doctor for?

10             THE DEFENDANT:  Oh.  Can I ask him?

11             THE COURT:  Sure.

12             (Counsel and defendant confer)

13             THE DEFENDANT:  I am currently under the supervision

14     of a doctor for some of my breathing and heart problems.

15             THE COURT:  Is there anything about those medical

16     conditions that affects your ability to think or to understand?

17             THE DEFENDANT:  I personally don't think so, no.

18             THE COURT:  In general, do you feel clear-headed today

19     and able to understand what's going on around you?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Is either the government or defense

22     counsel aware of any physical, psychological or emotional

23     condition that might prevent Mr. Brown from entering a guilty

24     plea today?

25             MS. REILLY:  No, your Honor.

1              MR. MACK:  No, your Honor.

2              THE COURT:  Mr. Brown, have you received a copy of

3    information (S9) 16 CR 436 which has been filed against you?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  And have you had a chance to read the

6    information and to discuss it with your attorney, Mr. Mack?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Are you generally satisfied with

9    Mr. Mack's representation of you in this case and with the

10   advice that he's given to you?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Is it your intention here today to plead

13   guilty to Count One of that superseding information?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  I want to discuss with you briefly the

16   nature of the charge against you, the elements the government

17   would have to prove at trial to establish your guilt, and the

18   penalties you face if your plea is accepted.

19             Do you understand that Count One of the information

20   charges you with violating Title 18 United States Code, Section

21   1349.  Among other things, that statute makes it a crime to

22   conspire or to agree with others to commit the offense of wire

23   fraud.

24             Do you understand that's the nature of the charge

25   against you?

I45QBROp

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that in order to

3    establish your guilt at trial, the government would have to

4    prove two elements beyond a reasonable doubt:

5          First, the government would have to prove that two or

6    more people entered into an agreement to commit the offense of

7    wire fraud.

8          Second, the government would have to prove that you

9    knowingly entered into and became part of that agreement with

10   knowledge of its illegal object.

11         Do you understand those are the elements the

12   government would have to prove at trial to establish your

13   guilt?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you understand that if your plea is

16   accepted, you face a maximum sentence of 20 years imprisonment,

17   a maximum term of supervised release of three years, a maximum

18   fine of the greatest of $250,000 or twice the gross pecuniary

19   gain derived from the offense or twice the gross pecuniary loss

20   to persons other than yourself, plus a mandatory special

21   assessment.

22         Do you understand those are the penalties you face if

23   your plea is accepted?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  In addition to those penalties, do you

I45QBROp

1    also understand that the Court must enter an order of

2    restitution directing that you pay back to any identifiable

3    victim any loss resulting from your conduct, and that the Court

4    must also enter an order of forfeiture directing that you

5    forfeit to the government any proceeds from your illegal

6    conduct or anything you may have purchased with the proceeds of

7    your illegal conduct.  Do you understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Mr. Brown, a plea to a felony can also

10   have serious immigration consequences for individuals who are

11   not United States citizens.  Do you understand that if you are

12   not a United States citizen, another consequence of your plea

13   is that at the conclusion of your sentence, you will be

14   deported or removed from the United States and prohibited from

15   ever reentering?  Do you understand that's another consequence

16   of your plea, but only if you're not a United States citizen.

17   Do you understand that?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  OK.  Do you understand that under the

20   Sentencing Reform Act of 1984, the United States Sentencing

21   Commission has issued advisory guidelines for judges to consult

22   in imposing sentences in criminal cases.  Do you understand

23   that?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Have you and your attorney discussed how

1    the guidelines might apply in your case?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  And do you understand that Judge Wood, the

4    judge who is going to sentence you in this case, will not be

5    able to determine the guideline sentence for your case until a

6    document called a presentence report has been prepared and

7    until both you and the government have had the opportunity to

8    review that report and review the facts in the report and the

9    guideline range recommended by the probation department.  Do

10   you understand that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  And do you understand that the guideline

13   range found to apply in your case may turn out to be different

14   from any range you've discussed with your attorney or any range

15   you've agreed to with the government.  Do you understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Do you understand that after your

18   guideline range has been determined, the Court has the

19   authority to depart from the guidelines and to impose a

20   sentence that's either more severe or less severe than the

21   sentence called for by the guidelines.  Do you understand that?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Do you understand that the form of early

24   release known as parole has been abolished in the federal

25   system, and that if you are sentenced to a term of

1   imprisonment, you will not be released on parole.  Do you

2   understand that?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Do you understand that if supervised

5   release is imposed as part of your sentence and you violate any

6   term of the supervised release, you can be returned to jail for

7   the full term of the supervised release with no credit being

8   given for time spent on release up to the date of the

9   violation.  Do you understand that?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  Do you understand that as part of your

12   agreement with the government, you are stipulating to a

13   guidelines range of 51 to 63 months of imprisonment, and you

14   are giving up any right you might otherwise have to challenge

15   your sentence so long as the sentence is not greater than 63

16   months.  Do you understand that?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Do you understand that if Judge Wood were

19   to impose a sentence of less than 51 months; that is, less than

20   the lower end of the stipulated range, the government would

21   have the right to appeal that sentence and seek a sentence

22   within the stipulated range of 51 to 63 months.  Do you

23   understand that?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Do you understand that your agreement with

1  the government concerning sentencing is not binding on Judge

2  Wood, and that Judge Wood retains the power to impose any legal

3  sentence, including a sentence of up to 20 years imprisonment.

4  Do you understand that?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Do you understand that if Judge Wood

7  imposed a sentence that was greater than 63 months; that is,

8  greater than the top end of the stipulated range, you would

9  then have the right to appeal the sentence and seek a sentence

10  within the stipulated range, but you would not be permitted to

11  withdraw your guilty plea simply because the sentence was

12  greater than you expected.  Do you understand that?

13            THE DEFENDANT:  Yes, sir.

14            THE COURT:  I want to discuss with you some of the

15  rights you're giving up by pleading guilty.

16            Do you understand that you have the right to plead not

17  guilty to the charges against you, and you have the right to

18  persist in that plea at all stages of the proceedings against

19  you?  Do you understand you have those rights?

20            THE DEFENDANT:  Yes, sir.

21            THE COURT:  Do you understand that if you chose to

22  plead not guilty, you'd have the right to the assistance of

23  counsel at all stages of the proceedings against you, and you'd

24  have the right to have counsel appointed for you if you could

25  not afford counsel.  Do you understand you have those rights?

I45QBROp

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that if you chose to

3     plead not guilty, you'd have the right to a trial by jury.  At

4     the trial, you would be presumed innocent and the government

5     would have to prove your guilt beyond a reasonable doubt.

6          At a trial, you'd have the right to the assistance of

7     counsel.  You would have the right to have counsel appointed if

8     you could not afford counsel.  You would have the right to see

9     and hear all the witnesses against you, and you'd have the

10    right to have those witnesses cross-examined or questioned in

11    your own defense.

12         At a trial, you'd have the right to testify and the

13    right to offer evidence in your defense.  You'd also have the

14    right to decline to testify or to decline to offer evidence.

15    And if you chose not to testify or chose not to offer evidence,

16    those facts could not be used against you.

17         Finally, at a trial, you'd have the right to the

18    issuance of compulsory process or court orders to compel

19    witnesses to come to court and give testimony in your behalf.

20         Do you understand you'd have all those rights if you

21    chose to plead not guilty and go to trial?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  And do you understand by entering a plea

24    of guilty, if the plea is accepted, you'll be giving up your

25    right to a trial as well as all the other rights associated

1    with a trial I've just described to you?  Do you understand

2    you're giving up all those rights?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Having learned all the rights you would

5    have if you chose to plead not guilty and go to trial, is it

6    still your intention to plead guilty here this afternoon?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Apart from the agreements that are set

9    forth in Court Exhibit 1, which is the letter agreement that

10   you identified at the outset of these proceedings, apart from

11   those agreements, has anyone made any other promises to you or

12   has anyone made any threats to you or has anyone used any force

13   against you to induce you to plead guilty?

14           THE DEFENDANT:  No, sir.

15           THE COURT:  Are you pleading guilty because you are in

16   fact guilty?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  OK.  Can you tell us, please, what it is

19   you did that makes you guilty of Count One in information

20   (S9) 16 CR 436.

21           THE DEFENDANT:  Your Honor, during the period

22   identified in the superseding information, I ended up agreeing

23   to participate with others in a film investment project program

24   which I learned relied on false investor representation.

25           THE COURT:  Can you pull the microphone a little

1   closer, Mr. Mack?

2            Why don't you start again please, Mr. Brown.

3            MR. MACK:  Read slowly and loud and clear so the judge

4   can hear you.

5            THE COURT:  OK?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Much better.  Go ahead.

8            THE DEFENDANT:  During the period identified in the

9   superseding information, I ended up agreeing to participate

10  with others in a film investment project program, which I

11  learned relied on false investor representations and inaccurate

12  statements regarding financial commitments and false banking

13  records.  I did come to learn that information I provided to

14  potential investors was at times false, misleading and

15  deceptive, and I continued to participate in these film

16  projects to my advantage, which included making representations

17  to investors, which I had reason to believe were false without

18  taking the necessary and appropriate steps to expose and remedy

19  this criminal conduct, all to my everlasting regret.

20           The criminal conduct occasionally occurred in the

21  Southern District of New York and did rely upon interstate wire

22  communications, including telephone calls, email messages and

23  the transmission of false and misleading documents that often

24  included or traveled through me.

25           THE COURT:  Does the government believe any further

1   inquiry is necessary concerning the facts of the offense?

2               MS. REILLY:  No, your Honor.  Thank you.

3               THE COURT:  OK.  Does the government represent that it

4   has facts in its possession to prove Mr. Brown's guilt beyond a

5   reasonable doubt?

6               MS. REILLY:  We do, your Honor.

7               THE COURT:  All right.  Mr. Brown, how do you plead to

8   Count One of information (S9) 16 CR 436?  Guilty or not guilty.

9               THE DEFENDANT:  Guilty, your Honor.

10              THE COURT:  Thank you.

11              Does the government believe any inquiry should be made

12  concerning any matter?

13              MS. REILLY:  Nothing further, your Honor.

14              THE COURT:  Mr. Mack, do you believe any further

15  inquiry should be matter concerning any matter?

16              MR. MACK:  I do not, your Honor.

17              THE COURT:  Thank you.

18              Based on Mr. Brown's physical appearance, his demeanor

19  and his answers to all of the foregoing questions, I find that

20  he is fully competent and capable of entering an informed and

21  voluntary plea; that he's aware of the nature of the charge

22  against him and the consequences of the plea; and that the plea

23  is knowing and voluntary and supported by an independent basis

24  in fact as to each of the essential elements of the offense.

25              I, therefore, accept the plea and recommend that Judge

I45QBROp

1    Wood accept the plea.

2           Has Judge Wood set a date and time for sentencing?

3           MS. REILLY:  She has, your Honor.  She has set a

4    sentencing date of July 18 at 2:00 p.m.

5           THE COURT:  Sentencing will proceed before Judge Wood

6    on July 18 at 2:00 p.m.

7           A presentence report will be ordered.  I will mark the

8    form that defense counsel should be present for the interview.

9    I'm going to direct defense counsel to contact the probation

10   department to schedule the interview within the next 14 days.

11   I'm also going to direct the government to submit the

12   prosecution case summary to the probation department within the

13   next 14 days.

14          OK?  Anything else from the government?

15          MS. REILLY:  Nothing further, your Honor.

16          THE COURT:  Mr. Mack, anything else?

17          MR. MACK:  The only thing, your Honor, is that

18   Mr. Brown is actually a resident of Los Angeles so there may

19   very well be a question every time he has to fly here, and what

20   have you.  So I think there may be -- I will discuss that with

21   the probation department here as to what the best way given who

22   should prepare the report and where he might be supervised

23   eventually, whatever the situation is.

24          THE COURT:  OK.  I think probation is the best

25   organization to discuss that with.

I45QBROp

1          MR. MACK:  Absolutely.  Again, your Honor, thank you

2    for being willing to schedule this this afternoon and being

3    able for Mr. Brown to be able to attend today.

4          THE COURT:  Happy to do it.  My pleasure.

5          Anything else for me to decide?

6          MS. REILLY:  No.  Thank you, your Honor.

7          THE COURT:  Thank you all.

8          (Adjourned)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25