

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 21, 2018

**VIA ECF**

The Honorable Kimba M. Wood
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States* **v.** *Steven Brown*, **S6 16 Cr. 436 (KMW)**

Dear Judge Wood:

    The Government respectfully submits this letter in opposition to the defendant's letter request for permission to travel to Europe from June 22, 2018 through June 27, 2018 in order to attend the Brussels Film Festival. The Government opposes the defendant's late request to travel internationally, and believes that granting such a request would represent a significant leap of faith by the Court in light of the defendant's guilty plea and the significant term of incarceration that he faces.

    Title 18, United States Code, Section 3143(a)(1) provides, in relevant part, that "a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." If the Court makes such a finding, it shall order the defendant's release in accordance with Title 18, United States, Section 1342(b) or (c), which provide for, among other things, the release of a defendant subject to conditions. *See id.*

    On April 5, 2018, the defendant pleaded guilty to one count of conspiracy to commit wire fraud between in or about 2009 and in or about 2017, in connection with his involvement in a scheme to defraud investors in purported film projects of millions of dollars. The scheme in question spanned eight years, including after the defendant was arrested in connection with this case and released on bail. In light of his guilty plea, the defendant faces the possibility that a significant term of imprisonment will be imposed. Indeed, as is set forth in the defendant's plea agreement with the Government, the Government and the defendant have agreed that the Guidelines range applicable to the defendant's conduct is 51 to 63 months' imprisonment. In addition, the defendant faces significant financial penalties; in the plea agreement, the defendant waived the right to appeal any judgment imposing restitution or forfeiture in an amount less than or equal to $13,784,000. In light of the significant penalties the defendant faces, he poses a significant risk of flight. While the defendant has previously travelled internationally – over the Government's objection – and returned, the circumstances have

changed entirely now that the defendant has pleaded guilty and is likely facing a significant term of incarceration and other substantial penalties.

The defendant's proffered reasons for the international travel in question do not justify this extraordinary post-conviction request. While the defendant claims that the finished films he seeks to market were "created as a result of Mr. Brown's important contributions and professional expertise" and that "he and he alone is the person most identified with, most responsible for, and most qualified to market these films with foreign distributors," the defendant does not claim that there is no one else associated with these films that could attend the upcoming film festival in order to market these films. Nor does the defendant provide any explanation why these meetings could not be conducted telephonically or by video conference. Indeed, the defendant asks this Court to grant this extraordinary relief based only on his assertion that he and he alone is the most qualified and best situated to market these films to distributors; he fails to provide any support for this claim in the form of correspondence from others involved in the films or evidence he has arranged any actual meetings with distributors.

Furthermore, the amorphous and last-minute nature of the defendant's travel request weights against the extraordinary relief he seeks. The defendant seeks permission to travel not just to Brussels but, at his own discretion, to Barcelona and Paris, as well, to meet with additional potential buyers. These potential buyers are not identified. The defendant has now been convicted of a serious federal offense; he should not be permitted to travel around Europe at his own discretion.[1]

The proffered justification for the defendant's requested travel is even more concerning in light of the fact that the defendant's conviction stems from his efforts to recruit investors in various film projects by making false representations—efforts that continued after this Court released him on bail conditions in the instant case and extended to efforts to defraud a victim who had, at one time, signed on to serve as a guarantor on the defendant's bond. The defendant, having admitted his role in this long-running fraud scheme, now seeks to travel outside the bounds of this Court's jurisdiction to engage in further film-related solicitations.

As the Court is aware, granting a request for a convicted defendant – and especially one facing such significant penalties – leave to travel internationally represents extraordinary relief, and such requests are routinely denied. For example, in the recent case of *United States v. Michael Little*, Judge Castel denied the request of a defendant to travel to Europe following his conviction. *See United States v. Little*, No. 12 Cr. 647 (PKC), Dkt. No. 404 (S.D.N.Y. June 11, 2018). Though the defendant in that case was a foreign national, he had also travelled internationally before his conviction without incident, and he provided specific information to the Court in seeking permission to travel as to where he would be staying and what he would be doing (including attending his son's wedding), furnishing supporting affidavits from family members. *See id.* Nevertheless, the court denied the request. *Id.* Here, the defendant has provided no such specificity, nor a compelling rationale for his need to travel that justifies the requested relief.

---

[1] Although the Court should deny the defendant's request to travel internationally for the reasons stated herein, were the Court to consider granting the request, the Government believes that the Court should, at a minimum, require proof that the defendant, in fact, has meetings scheduled with the foreign distributors identified in his letter and obtain detailed information as to where the defendant plans to reside.

Accordingly, for the foregoing reasons, the Court should deny the defendant's request to travel internationally.

> Respectfully submitted,
>
> GEOFFREY S. BERMAN
> United States Attorney
>
> By: /s/ Noah Solowiejczyk
> Noah Solowiejczyk
> Katherine Reilly
> Assistant United States Attorneys
> (212) 637-2473/6521

cc:   Walter Mack, Esq. (via electronic mail)