UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

STEVEN BROWN,

                      Defendant.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/26/2021__

16-CR-436 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Defendant Steven Brown has moved to reduce his sentence pursuant to the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. For the reasons that follow, Brown's motion is DENIED.

## BACKGROUND

    On June 22, 2016, Brown was charged by indictment with defrauding four victims, over the course of eight years, in connection with investments in purported film projects. (Gov't Opp'n at 1, ECF No. 374.) On December 7, 2017, the Government filed a superseding indictment, charging Brown with defrauding five additional victims, including one victim whom Brown allegedly defrauded after the filing of the initial indictment. (Id.)

    On April 5, 2018, shortly before trial, Brown pleaded guilty, pursuant to a plea agreement, to a superseding information that charged him with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. (Id. at 2.) The superseding information encompassed all nine victims identified in the superseding indictment. (Id.) On November 27, 2018, Brown was sentenced to a term of 63 months' imprisonment. (Id.)

    On February 26, 2021, Brown filed the instant motion. (ECF No. 371.) On March 15, the Government filed its opposition.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  *Id.*

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).  The court has discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

In determining whether to grant a motion for compassionate release, courts also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for compassionate release exist, courts may deny the motion if the Section 3553(a) sentencing considerations outweigh those reasons.  *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

## DISCUSSION

### I. Extraordinary and Compelling Reasons

Brown argues that, based on two distinct sets of health concerns, he has demonstrated the

---

[1] Brown's motion is properly before the Court because 30 days have elapsed since his March 27, 2020 request to the Warden of FCI Sheridan.  (Gov't Opp'n at 4-5; Mot. at 2, Ex. A.)   The Warden denied Brown's request on May 11, 2020.   (Mot. at 2, Ex. B.)

2

existence of extraordinary and compelling reasons warranting his release. The Court finds, however, that Brown has not met his burden to establish the existence of such reasons.

A. █████████████

Brown argues that various ████ issues have diminished his ability to care for himself within the prison system. (Mot. at 6.) The Court agrees with the Government that Brown's ██ conditions, including ████, do not rise to the level of extraordinary and compelling reasons justifying release. (*See* Gov't Opp'n at 11-14.)

Brown's ████ problems are serious. Brown suffers from ████ and, in 2019, he experienced a ████. (Mot. at 2, Ex. C, p. 148.) The outcome of ████ in July 2019 was ██ such that Brown now has ████████. (Mot. at 2, Ex. C, p. 148.) In addition, Brown's ████████ (Mot. at 3, Ex. C, p. 10.) BOP medical records thus have summarized the state of Brown's ██ as ████ ████. (*E.g.*, Mot. at Ex. C, pp. 9, 54, 168.) As a result of these impairments, Brown alleges that he has suffered falls and is prone to injuring himself. (Mot. at 6.) Brown argues further that the BOP has not provided adequate medical care with respect to his ██ during the pandemic. (*Id.*)

Brown's arguments are unavailing. As the Government points out, the standard for demonstrating that a medical condition "substantially diminishes" an inmate's ability to provide self-care is extremely high. U.S.S.G. § 1B1.13, cmt. 1(A)(ii)(I).[2] Courts in this Circuit have found this standard met upon the showing of "a specific life-ending or debilitating illness with a

---

[2] Following the Second Circuit's decision in *Brooker*, the Court is not bound, in a compassionate release motion brought directly by a defendant, by the policy statements set forth by the U.S. Sentencing Commission in U.S.S.G. § 1B1.13. *See United States v. Sessum*, 2020 WL 6392817, at *2 (S.D.N.Y. Oct. 30, 2020) (Failla, J.) (discussing *Brooker*). Nevertheless, courts may look to such statements for guidance. *See id.*

predictable, dire short-term prognosis." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) (Caproni, J.); *see United States v. Gileno,* 448 F. Supp. 3d 183, 187-88 (D. Conn. 2020) (collecting cases and stating that "[c]ourts grant sentence modifications or reductions based on defendants' medical conditions where those conditions are extremely serious, if not life-threatening").

Brown's ▮, though serious, is not life-ending, nor does it carry a predictable, dire prognosis in the short term.   Brown's ▮ conditions do not meet the demanding standard for showing that his ability to provide self-care is substantially diminished.   In addition, a review of Brown's medical records shows that, during the COVID-19 pandemic, the BOP regularly has monitored and treated Brown's ▮ issues.   (*See* Mot. at Ex. C, pp. 148-50, 184.)   As a result, the Court finds that, with respect to his ▮, Brown has not demonstrated the existence of extraordinary and compelling reasons warranting release.

### B.     Risk of Serious Illness from COVID-19

Brown also argues that, based on other underlying medical conditions, he is at increased risk of severe illness from COVID-19.   These arguments, too, are unpersuasive.

First, Brown suffers from conditions including ▮ and ▮.   (Mot. at 1-3, 7.)   Brown acknowledges, however, that when his motion was filed, he had received the first dose of the Moderna COVID-19 vaccine.   (*Id.* at 7.)   The Centers for Disease Control and Prevention ("CDC") have identified ▮ as a condition that places an individual at increased risk of serious illness, and ▮ as a condition that *might* place an individual at risk of serious illness.   But the CDC also has advised that the Moderna COVID-19 vaccination effectively prevents both infection from COVID-19 and severe illness in those individuals who do contract the virus after vaccination.   (*See* Gov't Opp'n at 10-11.)   Because Brown will soon be fully vaccinated, any risk that he may become severely ill from COVID-19

4

will be reduced significantly.³   *See United States v. Pabon*, 2021 WL 603269, at *3 (S.D.N.Y. Feb. 16, 2021) (Cronan, J.) (denying compassionate release for defendant who had been vaccinated).

Second, Brown argues that, notwithstanding the vaccine, he remains at risk of serious illness because COVID-19 variants may continue to emerge, and because the virus spreads rapidly in prison environments.   (Mot. at 7-8.)   Brown's argument regarding the emergence of future variants is speculative.   In addition, according to the CDC, the antibodies generated through vaccination appear to recognize the current variants of COVID-19, including the so-called United Kingdom, South African, and Brazilian variants that have been detected in the United States.   (*See* Gov't Opp'n at 11.)   And although the spread of COVID-19 in prison facilities is of serious concern, the BOP has made significant efforts to mitigate the spread of the virus in its facilities.   (*See id.* at 8-10.)

In light of the above, the Court finds that, with respect to the risks associated with COVID-19, Brown has not demonstrated the existence of extraordinary and compelling reasons warranting release.

**II.      Section 3553(a) Sentencing Considerations**

Even if Brown had demonstrated the existence of extraordinary and compelling reasons in favor of release, consideration of the Section 3553(a) sentencing factors would militate against a sentence reduction.   *See* 18 U.S.C. § 3553(a).

Certain Section 3553(a) considerations weigh in Brown's favor.   Early release may allow Brown to receive "medical care . . . in the most effective manner."   *Id.* § 3553(a)(2)(D).

---

³ Brown also alleges that he has received "inadequate treatment" for his ▬▬▬.   (Mot. at 3.)   Medical records from the BOP, however, show that medical staff examined Brown with respect to his ▬▬▬ on several occasions and ▬▬▬▬▬▬▬.   (*See, e.g.*, Mot. at Ex. C, pp. 2-3, 21-23, 148-67; *see also* Gov't Opp'n at 11-12 n.7.)

In addition, Brown enrolled in the BOP's substance abuse treatment program and, according to a personal statement from Brown, he has benefited and grown personally through such treatment. (*See* Mot. at Ex. H.)   The BOP also has determined that Brown presents a "low risk of recidivism."   (Gov't Opp'n at Add. A, p. 3.)   Although the Court noted at sentencing that there was a "significant possibility that [Brown] may reoffend," Brown's stated personal growth and the BOP's recidivism assessment provide some support for Brown's contention that a sentence reduction would be consistent with the need to promote specific deterrence.   (Sent. Tr. at 34-35, ECF No. 293; *see* Mot. at 8-9; 18 U.S.C. § 3553(a)(2)(B)-(C).)

Other Section 3553(a) considerations, however, outweigh the above.   As the Court noted at sentencing, it is "difficult to overstate" the seriousness of Brown's offenses.   (Sent. Tr. at 33-34.)   Brown engaged in fraudulent activity for close to a decade and left some of his victims destitute.   (*Id.* at 33-34, 39-40.)   With its opposition, the Government submitted recent statements from several victims of Brown's crimes.   These statements attest to the ongoing, devastating impact of Brown's offenses—including ███████████████████████ ███████████████████████.   (*See* Gov't Opp'n at Ex. A, pp. 1-3, 8-9.)   In addition, even if Brown is to some extent specifically deterred, a serious sentence remains important to deter others from engaging in fraudulent business schemes.   (*See* Sent. Tr. at 35.)

Finally, Brown has served approximately 25 months in detention, reflecting less than half of his original 63-month sentence.   Courts in this district have denied motions for compassionate release by defendants who have served comparable portions of their respective sentences.   *See, e.g.*, *United States v. Nieves*, 2020 WL 2476185, at *3 (S.D.N.Y. May 13, 2020) (Nathan, J.).

In light of the above, granting compassionate release would not be consistent with the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the

law, provide just punishment, and afford adequate deterrence to criminal conduct.   18 U.S.C. § 3553(a)(2)(A)-(B).   On balance, the Court thus finds that the Section 3553(a) sentencing considerations weigh against compassionate release.

## CONCLUSION

For the foregoing reasons, Brown's motion for compassionate release is DENIED.   The Clerk of Court is respectfully directed to terminate the motion at ECF No. 371.


SO ORDERED.

Dated: New York, New York
       March 26, 2021                              */s/ Kimba M. Wood*
                                                KIMBA M. WOOD
                                            United States District Judge